May Term,
1853.

ELLIS
v.
HUBBARD.

---

ELLIS *v.* HUBBARD.

Debt on three promissory notes under seal. Plea, that the consideration of the notes was the sale of a certain parcel of land, situate, &c., and that, at the time of making the notes, the plaintiff agreed to give the defendant a warranty deed for the land on the first payment, (which first payment was the note described in the declaration, payable 1st of *March*, 1847,) and to take a mortgage back as security, and that the plaintiff had not conveyed nor offered to convey the land to the defendant upon the payment of the note payable on the 1st of *March*, 1847, and the execution of a mortgage by the defendant to secure the other notes given for said purchase-money. *Held*, upon demurrer, that the plea was sufficient to bar the action.

*Thursday,*
*June 2.*

ERROR to the *Tippecanoe* Court of Common Pleas.

ROACHE, J.—Debt on three several promissory notes under seal. There were two pleas. On the first, there was issue joined, and no question arises upon it for our consideration. The second plea was as follows:

"And for a further and second plea in this behalf, the said defendant says *actio non*, because he says that the sole and only consideration of said three several writings obligatory was and is the sale of a certain piece or parcel of land, situate in the county of *Tippecanoe*, and state aforesaid, to-wit," &c., "and at the time of making said notes, said plaintiff agreed to give a warranty deed for said land to said defendant on the first payment, (which first payment is the writing obligatory described in said declaration, payable 1st of *March*, 1847,) and take a mortgage back as security; and said defendant avers that said plaintiff has not conveyed to said defendant said land, nor has he offered to convey the same upon payment of the said writing obligatory payable the 1st of *March*, 1847, and the execution of a mortgage by said defendant to secure the other writings obligatory given for said purchase-money; and this," &c.

Demurrer to this plea sustained, and final judgment for the balance due on the notes.

It is objected to the plea that it does not aver a readiness on the part of *Ellis* to pay the money and execute a mortgage on receipt of the deed.

By the terms of the agreement, as set out in the plea, the payment of the first note and the execution of a mortgage to secure the other two, on the part of the vendee, and the execution of the deed by the vendor, were dependent acts. Either party suing for a breach of the contract, in such a case, in order to entitle himself to recover, must show a performance, or a conditional offer to perform whatever was to be done on his part. If *Ellis* were suing to compel *Hubbard* to execute the conveyance, it would then be incumbent on him to aver that he had paid or tendered the money and mortgage; but standing in the position of a defendant, it was only necessary for him to show, in order to defeat the suit, that the plaintiff had failed to perform the part of the contract incumbent on him to perform, according to the terms and conditions of the agreement. This view is fully sustained by later cases. The decisions of this Court have not been entirely

May Term,
1853.

ELLIS
v.
HUBBARD.

uniform on this question, but in the case of *McCulloch* v. *Dawson*, 1 Ind. R. 413, where the question was elaborately discussed, and which we regard as settling whatever uncertainty may have before existed, the Court say, "The plea would have been more formal if it had in terms denied that the payees, or their successors, had offered the deed on the specified day, on being at the same time paid the money due. The allegation, however, that neither the trustees nor their successors had offered the deed, *according to the tenor and effect of the agreement*, on or before, &c., is equivalent to saying that they had not *legally* offered the deed on the day, and it is therefore sufficient in substance." The authorities there cited abundantly fortify the doctrine laid down, and sustain the Court in overruling a different decision on the same point in *Burrows* v. *Yount*, 6 Blackf. 458.

This authority is directly in point. The plea sets up a contract by which the vendor was bound to deliver, or offer to deliver, to the vendee a deed, *upon* the payment by him of the first note, and the execution of a mortgage to secure the residue of the purchase-money. His agreement was, in effect, to convey on the day the first note fell due. The averment is express, that the plaintiff had not conveyed, and had not offered to convey, *upon* payment of the first note, &c.; thus negativing the vendor's performance of the contract in the very words of the contract itself. As the averment denied, in general terms, that the plaintiff had made or tendered a deed at all, it was substantially equivalent to an averment that he had not made or tendered a deed on the day, &c. Upon the principle decided in *McCulloch* v. *Dawson, supra*, which we are disposed to regard as finally settling the question, the plea was sufficient to bar the action, and the demurrer should have been overruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for further proceedings in accordance with this opinion.

R. C. *Gregory* and R. *Jones*, for the plaintiff.

J. A. *Wilstach*, for the defendant.