KENNETH H. WORTHY *v.* JOHN C. BARRETT, and others.

One who applies for a Mandamus to compel his induction into an office, must show affirmatively that he is entitled to hold such office.

The distinction between *officers* and *placemen*, is, that the former are required to take an oath to support the Constitutions of the State and of the United States; whilst the latter are not.

All officers under the government of the United States are either *Legislative*, *Executive* or *Judicial* officers.

Sheriffs, County Solicitors and other officers required to take an oath to support the Constitution of the U. S. by the laws of this State [Rev. Code, ch. " Oaths," &c.,] are within the operation of Article XIV of the Amendments to the Constitution of the United States, disqualifying certain persons from holding office.

MANDAMUS, allowed by *Buxton, J.*, at Fall Term 1868, of the Superior Court of Moore.

The petitioner had received a majority of the votes cast in Moore county at the election of April 1868, for the office of sheriff, but upon his offering to qualify before the Commissioners of the county, a majority of the latter refused to allow it, upon the ground that he was disqualified under the XIVth Article of the Amendments to the Constitution of the United States. Thereupon the petitioner applied to his Honor for this writ. His Honor upon consideration allowed it, and the defendants appealed.

The only objection urged to the qualification of the petition, arose from the fact that he had been elected, sworn in, and acted, as sheriff of Moore, both before and during the late war between the United States and the Confederate States.

*Attorney General*, and *Rogers & Batchelor* for the appellants.
*Phillips & Merrimon*, contra.

READE, J. It is insisted for the petitioner, that the County Commissioners for Moore county have no power to enquire as to his qualifications; that their duty is to administer to him the oath prescribed by law and to receive his bond; that their duty is merely ministerial, and involves the exercise of no discretion, and that the Court will enforce its performance by mandamus, and leave the petitioner's right to hold the office to be tested by proceedings under a *quo warranto*. The solemn act of administering an oath and inducting into office, may not be merely ministerial. But if it were, the Court will not compel them to do wrong, if it be clear that they did right.

Our statute provides that " no person prohibited from holding office by section 3 of the Amendment to the Constitution of the United States, known as Article XIV, shall qualify under this act or hold office in this State." Acts of 1868 ch. 1. sec. 8.

The Fourteenth Article of the Amendments to the Constitution of the United States, sec. 3, is as follows :

" No person shall be a Senator or Representative in Con-

gress, or Elector of President and Vice President, or hold any office, civil or military, under the United States, or under any State, who having previously taken an oath as a member of Congress, or as an officer of the United States, or as a member of any State Legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may, by a vote of two-thirds of the members of each House remove such disability."

Senators and Representatives in Congress, members of the State Legislature and all executive and judicial officers, both of the States and of the United States, shall be bound by oath or affirmation, to support the Constitution. Art. 6, sec. 3. Constitution of the United States.

The petitioner was a sheriff before and during the rebellion, and the question is whether he is disqualified from holding the office of sheriff now, by reason of section 3 of Article 14, cited above. The government of the United States is divided into three branches—Legislative, Executive and Judicial. These three parts make one whole. There is no other part or parcel. It follows that there can be no office in the government that is not in one of these Departments. There can be no officer unless he be the incumbent of an office. Therefore there can be no officer except he be in some office in one of these three Departments. If he is in office in the legislative department, then he is a legislative officer; if in the executive, he is an executive officer, and if in the judicial, he is a judicial officer. But note! It is not every one who is *of* these departments that is an officer. Every office is of these departments, but not *vice versa*. Members of the legislature are not officers. Theirs are *places* of trust and profit, but not *offices* of trust and profit. So in the other departments. As in the judicial, we have Judges, Sheriffs, Clerks, &c,, who are *officers*, and Jurors, Commissioners, &c., who are *placemen*. Nor is this a distinction without a difference, for our Legislature speaks distinctively of *offices* of trust or profit and of

*places* of trust. Rev. Code, c. 77, s. 1.    And the fourth section. of the same chapter is as follows:   ".Every officer and other person, who may be required to take an oath of office, or an oath for the discharge of any duty imposed on him, and also the oath appointed for such as hold any office of trust or profit in the State, shall," &c., &c., which shows that every person who is called upon to perform public duties, and takes an oath to discharge the duties is not necessarily an *officer.*

Let us consider,

1st. Is a Sheriff an officer?   An office is a right to exercise a public or private employment, and to take the fees and emoluments; in which one has a property; and to which there are annexed duties; and with us in public offices, oaths to support the Constitution of the State and of the United States. I do not know how better to draw the distinction between an *officer* and a mere *placeman*, than by making his oath the test. Every *officer* is required to take not only an oath of office, but an oath to support the Constitution of the State and of the United States, Rev. Code, chap. on "Oaths." Whereas every mere *placeman* is simply required to take an oath to perform the particular duty required of him, as in the case of jurors, commissioners, &c., and takes no oath to support the Constitution of the State, or of the United States.

2d. Does the Sheriff's office require him to take an oath to support the Constitution of the State, and of the United States? Unquestionably it does. "Every member of the General Assembly, and every person who shall be chosen or appointed to hold any office of trust or profit in the State, shall, before taking his seat, or entering upon the discharge of the duties of the office, take and subscribe the following oath," &c. Rev. Code ch. " Oaths." Then follows the oath to support the Constitution of the State, and the 5th section requires that they shall also take an oath to support the Constitution of the United States.

The following are the officers in North Carolina who are required to take an oath to support the Constitution of the

United States : Attorney General, State and County Solicitors, Clerk and Master in Equity, Clerk of the Supreme Court, Clerk of the Superior Court, Clerk of the County Court, Comptroller, Constable, Coroner, Entry Taker, Governor, Inspectors of flour, Tobacco, &c., Judges of the Supreme Court, Judges of the Superior Court, Justice of the Peace Public Treasurer, Ranger, Register, Secretary of State, Sheriffs, Standard Keeper, Stray Valuers, Surveyor for the county, Trustee for the county. The foregoing are taken from Revised Code, chap. " Oaths," and to them may be added:. Mayors of towns and cities, upon whom are cast magisterial duties.

Any person who held any of these offices before the rebellion, and then engaged in the rebellion, is prohibited from holding office until relieved by Congress.

3rd. What will amount to having engaged in the rebellion ?'

(1st.) Holding any of these offices under the Confederate government.

(2d.) Voluntarily aiding the rebellion, by personal service, or by contributions, other than charitable, of any thing that was useful or necessary in the Confederate service.

4th. Members of the Legislature are also excluded from office, although they are not officers, by the express terms of the Fourteenth Article. But the clerks and other employees of the Legislature, are not excluded. And thence an argument is drawn against the position we have taken; for they say, as only the principal persons in the Legislative Department are excluded, it shows that only the principal persons in the other Departments were intended. But is not the strength of the argument the other way ?—for if in terms it is confined to the principal persons in the Legislative Department, and in terms is not confined to the principal persons in the other Departments, but extends to " any"—all—why the difference in *language,* unless there was to be a difference in the sense ?' We are not called upon to explain *why* a difference was made, nor do we know that we can give the true reason; but quære— are there any *officers in* the Legislative Department? The

members,—the principal persons are not officers.   There are not many persons connected with this Department, except the members; and the few that are, are mere *placemen.*   None of their employees are required to take an oath to support the Constitution of the State, or of the United States, and no oath of office even is prescribed for them in the Rev. Code, Chap. "Oaths," or elsewhere, so far as we know, nor are we aware, that it is usual for them to take any oath at all.   But in the other Departments all *officers* are required to take an oath of office, and also an oath to support the Constitution of the State and of the United States; and all mere placemen are required to take an oath of office, or an oath to perform the particular duty required.

In the discussion at the Bar, the question was considered as if it depended upon, whether the officer might not be ministerial, and in that sense neither executive nor judicial.   That learning is useful when we are considering the questions of the duties and liabilities of officers, but it does not help us here, for though he be ministerial here, yet he is ministerial either in the executive or judicial department, and his being such and taking an oath to support the Constitution, excludes him from office.   *The oath to support the Constitution is the test.* The idea being that one who had taken an oath to support the Constitution and violated it, ought to be excluded from taking it again, until relieved by Congress.

Some confusion was caused in the public and in the professional mind, by reason that the Attorney General of the United States, was called upon for an Opinion, and it was published, as he said, before he matured it.   In that Opinion, May 24th 1867, it was intimated that only the principal State officers and not the county officers were included; but on the 12th June, 1867, he published his considered Opinion, and in that he says:

"12. All the Executive or Judicial officers of any State, "who took an oath to support the Constitution of the United "States, are subject to disqualification, and in these I include "*county officers,* as to whom I make a reservation in the

" Opinion heretofore given.   After full consideration, I have
" arrived at the conclusion, that they are subject to disqualifi-
" cation, if they were required to take as part of their official
" oath, *the oath to support the Constitution of the United States.*

  " 13.  Persons who exercised mere agencies or employments
" under State authority are not disqualified; such as Commis-
" sioners to lay out roads, Commissioners of Public Works,
" Visitors of State Institutions, Directors of State Banks, or
" other State Institutions, Notaries Public, Commissioners to
" take the acknowledgement of deeds, and Lawyers."

  There is error in the order for peremptory *mandamus.*

PER CURIAM.              Petition dismissed with costs.