McOsker v. Burrell.

--------

55  425
131  145

## McOsker v. Burrell.

HIGHWAY.—*Supervisor.—Watercourse.—Remedy.*—Where, in the exercise of an honest, though an erroneous, judgment that it is necessary for the repair of a highway in his road district, a supervisor so constructs a dam that the flow of an ancient watercourse is thereby diverted from its original channel, in such manner as to overflow and damage the land of a neighboring proprietor, the remedy of the latter is, by an application for an assessment of his damages, under section 16 of the act of March 5th, 1859, in relation to supervisors, (1 R. S. 1876, p. 855) and not by an action against such supervisor, personally.

SAME.—Where, in such case, the lands of an adjoining proprietor are so injured, not because of the negligence of a supervisor in constructing such dam, but because of the failure of his successor to repair it, the former is not liable.

SAME.—*When Supervisor is Liable.—Burden of Proof.*—If in making such repairs a supervisor acts in bad faith, negligently or corruptly, he is liable, personally, to any such owner sustaining damages thereby; but the burden of proof is upon the latter to show such bad faith, negligence, or corrupt motive.

SAME.—*Assessment of Damages.—Tender.—Constitutional Law.*—The entering upon or taking of the property of another by a supervisor, as contemplated by such section 16 of the act in relation to supervisors, is a taking by the State, within the meaning of section 21, article 1, of the Constitution of this State, for which damages need not be first assessed and tendered.

NEW TRIAL—*Causes.—Time Given to File.—Waiver.—Practice.*—Where, at the term at which a finding or verdict is rendered, an oral motion for a new trial is made, but, at the request of the party making such motion and without objection by the opposite party, time is given by the court, until the next term, to file written reasons in support of such motion, it is too late for the opposite party, at such subsequent term, to then object to the filing of such reasons.

From the Jackson Circuit Court.

*D. H. Long, B. E. Long* and *E. C. Devore,* for appellant.
*B. H. Burrell* and *F. Emerson,* for appellee.

PERKINS, J.—Suit by appellee, against appellant, for obstructing an ancient watercourse and diverting the course of the water, which obstruction and diversion caused an overflow of appellee's land, to his damage, etc.

The acts done are thus charged in the complaint:

"The plaintiff avers that the said defendant, without any right or authority from the plaintiff, or by lawful right or authority, did, on or about the 20th day of May, 1871, order, and ever since that time has maintained, a dam across the original channel of said creek, of logs, plank and earth, and thereby, and by digging a ditch, then and there, did divert the same from its original channel, and did change the channel of said creek, so that the water flowing through the same does, after passing over the defendant's premises, overflow, spread out over and upon the real estate of the plaintiff," etc.

The appellant answered the general denial, under an agreement between the parties, that any legal defence, which might exist, should be admissible under such denial.

The cause was tried by a jury, and the appellee obtained a verdict for fifty dollars, and, over a motion for a new trial, a judgment on the verdict.

The evidence is in the record.

It shows that the appellant was supervisor of the road district in which the dam was erected and the ditch dug, and that whatever he did in the premises he did in his official capacity, as such supervisor. It becomes necessary, therefore, that we ascertain whether the supervisor had power to do the acts complained of.

After highways have been constructed, so long as they are continued as such, they should be kept in repair; the supervisor takes an oath to so keep them, (sec. 5, 1 R. S. 1876, p. 856) and to carry into effect the orders of the

McOsker *v.* Burrell.

township trustee in regard to them.   This must be done according to some prescribed plan.

The method in this State is prescribed by legislative act.   Our statute (1 R. S. 1876, p. 859) provides that the township trustee shall annually assess a road tax, and that (p. 860) he shall order the expenditure of such tax in the improvement of highways, under regulations that he may make ; that he shall pay over the money to the supervisor, taking from him a bond, to enable him to make the improvements, etc.; and the supervisor has power to call out persons liable to work on the highways, under the provision of the statute.

Section 16 of the statute, (p. 858) under which the acts complained of in this case were done, is as follows :

" The supervisor, or any other person by his order, may enter upon any land adjoining or near to any highway in his district, and thereupon construct such ditches, drains and dams, and dig and remove any gravel, earth, sand or stone, or cut and remove any wood or trees that may be necessary for the proper construction, repair or preservation of such highways, and any person aggrieved may petition the township trustee for an assessment of damages occasioned thereby, and in such case, such trustee shall appoint three disinterested persons, in such township, to view the locality where the grievance was committed, and assess such damages within twenty days after such appointment, they having taken an oath to faithfully discharge their duties, before some officer authorized to administer oaths, and such viewers shall make report thereof, within ten days after such assessment, to such trustee, having first given notice thereof to the complainant, and such trustee shall pay the damages assessed to be paid out of the township treasury, unless he should deem them unreasonable, in which case he may reduce the amount."

This statute authorizes the supervisor to do just such acts as are charged to have been committed by the appel-

lant in this case; but the land on which he enters for the purpose of committing them, must be "adjoining or near to a highway in his district;" (the ownership of the land being immaterial) and the dams erected and ditches dug must "be necessary for the proper construction, repair or preservation of such highways." When such conditions exist, the supervisor may perform the acts, whether they damage any person or not. If they do cause damage, and the damage is of a character entitling the injured party to redress, the statute points out the mode in which it may be obtained. See *The Trustees of the Wabash and Erie Canal* v. *Spears*, 16 Ind. 441, and cases cited, as to what are such damages.

The statute in question has been held constitutional. It provides for the assessment of damages for property taken, etc., and the payment of compensation, but does not require prepayment, because this class of cases falls within the exception contained in section 21 of article 1 of the Constitution, which section ordains that "No man's property shall be taken by law without just compensation; nor, except in case of the State, without such compensation first assessed and tendered." *The Jeffersonville, etc., R. R. Co.* v. *Daugherty*, 40 Ind. 33; *Hymes* v. *Aydelott*, 26 Ind. 431.

A supervisor, acting within the scope of his authority, in good faith, should not be liable to an action in his natural capacity for acts so done in his official capacity. He should not be liable for acting upon an honestly entertained, erroneous opinion in these matters. *Carter* v. *Harrison*, 5 Blackf. 138; *Boyd* v. *Blaisdell*, 15 Ind. 73, note on page 76; *Conwell* v. *Emrie*, 4 Ind. 208.

It seems to us, that in cases growing out of acts done under this statute, where the party claiming to be injured declines to avail himself of the statutory mode of recovering his damages, but elects to sue the supervisor and hold him personally liable, the burden should rest upon the party so suing, of establishing the facts that the super-

visor did not act in good faith, but acted without reasonable care, or corruptly, or maliciously. The supervisor is bound, under penalties, to act;—to act upon his own judgment, in matters, some of which are *quasi judicial*, and it would be unjust, under such circumstances, and against public policy, to hold him liable for a mere error of judgment.

The evidence in this case shows that the appellant did act in good faith.

If the ditch and dam were properly constructed, and, by reason of not being kept in proper condition by succeeding supervisors, subsequently worked injury to the appellee, the appellant should not be held liable for such injury. We think the evidence makes no case against the appellant.

The judgment is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.

### On Petition for a Rehearing.

Perkins, C. J.—A petition for a rehearing is filed in this case. The rehearing is asked on two grounds:

1st. The written reasons for a new trial were not filed at the term at which the verdict was rendered; and,

2d. The defendant was not supervisor, at the time he committed the act complained of.

The record shows that the verdict was returned at the April term; it states, that, at that term, a motion for a new trial was made, and leave given by the court to file the written motion and reasons at the next, the September, term. No objection or exception appears to have been taken to this action of the court at that term. At the September term, pursuant to said leave, the written motion and reasons were filed, over the objection of the appellant.

The statute requires the motion for a new trial, and the reasons therefor, to be filed at the term the verdict or

finding is rendered. Can time be given for this filing, by the court, till the succeeding term, by the consent of both parties, where the motion is orally made at the term at which the verdict or finding is rendered? It seems to us that it can be. This being so, where the oral motion is made and leave given in open court, and no objection made, at the term of the return of the finding or verdict, we think consent is to be presumed, and that the written motion and reasons may be filed at the next term, within a reasonable time, where no day for filing is fixed by the court in the leave granted, and on or before that·day, where a day is designated in the leave granted. *Wilson* v. *Vance, ante,* p. 394. ·

The jury answered, specially, that the defendant was supervisor, when the acts complained of were done.

The petition for a rehearing is overruled.

Petition for a rehearing overruled, and the opinion thereon filed, at the May Term, 1877.