PARKINSON v. PARKER.

1. **Damages :** ACTION AGAINST ASSESSOR.  A tax-payer cannot recover damages against an assessor for over-assessment of his property, unless he shows that such assessment was made maliciously.   The fact that the tax-payer swore to a list of property submitted by him would not affect the liability of the assessor for making the assessment greater than the amount fixed by the tax-payer.

2. ———: ———: BOARD OF EQUALIZATION.  The failure of the tax-payer to appear before the board of equalization and apply for a reduction of his assessment, or the refusal of the board to reduce it, would not excuse the assessor for malicious wrong-doing.

3. **Juror :** NON-RESIDENCE.   The non-residence of a juror cannot be established by the affidavit of a person who swore he heard the juror say he was not a resident of the State.

*Appeal from Clinton District Court.*

WEDNESDAY, JUNE 12.

IN 1871 the defendant was assessor in Bloomfield township, Clinton county, and as such assessed to the plaintiff, a citizen of that township, about nine thousand dollars of property, which the plaintiff avers was about eight thousand five hundred dollars more than he had, and the plaintiff further avers that the wrongful assessment was wilfully and maliciously made by the defendant, and that by reason of the wrong therein done he was compelled to pay taxes on more property than he ought, and that he sustained damages in the sum of three hundred dollars, for which sum he asks judgment.

The defendant denied all malice, averred that the plaintiff refused to make out a list of his property, and that he assessed him according to the best of his information.   He further averred that the plaintiff had knowledge of the assessment before the first Monday of May following, when he might have appeared before the board of equalization and had

the assessment corrected, and that he neglected to so appear. There was a trial by jury, and verdict for the plaintiff for two hundred and eighty dollars.    Defendant appeals.

*Kirke W. Wheeler*, for appellant.

*W. E. Leffingwell*, for appellee.

ADAMS, J.—I.  The court gave an instruction which contained these words: "To authorize a recovery you must be satisfied that the assessment made was too large either in the amount of property or the value thereof." The defendant complains of this instruction upon the ground that there is no allegation in the petition that the plaintiff was assessed for a greater amount of property than he owned, but only that his property was assessed at a greater value than it should have been.    The precise language of the petition upon this point is in these words: "The defendant, disregarding his duty, and in violation thereof, did wilfully, maliciously and falsely assess his property to the value of about nine thousand dollars, or about eight thousand five hundred dollars more than he really had." The first clause might bear the construction contended for by defendant, but, taking the averment altogether, it appears to us that the charge is that the plaintiff was over-assessed as to amount rather than value, and that the defendant's objection is not well taken.

II.    The court gave an instruction in these words:  "It was the legal duty of the plaintiff to assist the defendant as

1. DAMAGES: action against assessor.

assessor in making out a list of his property for the purposes of assessment, and to make oath or affirmation to its correctness, and if he did so do it would, for the purposes of this suit, be deemed to be correct, and the burden of proof would be on the defendant to show, if he so desired, that it was incorrect in fact; but even if this was not done by the plaintiff, either through neglect or refusal, it would not justify or excuse the defendant in maliciously making an over-assessment, but would only authorize him to make the

assessment according to the best information he could get from other sources; but his duty is to so make it—that is, according to the best information he could obtain, and not captiously, wantonly or maliciously." The defendant complains of this instruction so far as it asserts that if the plaintiff made oath or affirmation to a list of property it would, for the purposes of this suit, be deemed to be correct, and the burden of proof would be upon the defendant, if he so desired to show that it was incorrect in fact. // The issue in the case is not as to whether the defendant over-assessed the plaintiff, but whether he did so maliciously, and the court expressly told the jury in an instruction that the defendant would not be liable for any mere error in judgment, but only in case he over-assessed the plaintiff maliciously. // It was incumbent upon the plaintiff to show, not only that he had been over-assessed by the defendant, but that it had been done maliciously. If the plaintiff presented to the defendant, as assessor, a list of his property under oath, and the defendant assessed to him a greater amount of property, according to the doctrine of the instruction that would be *prima facie* wrong. But suppose we should conclude that the court erred in this respect, was the plaintiff prejudiced? The plaintiff's case was not made out by showing that the assessment was wrong. He could recover only upon showing that the defendant knew it to be wrong when he made it, and this involved a showing of something more than that the defendant knew it to be greater than the plaintiff's sworn list, for he might and should have made it greater if he discovered other property.

Under the issues, instructions and verdict we must assume that it was proven that the defendant knew that the assessment was wrong when he made it. If it was so proven it appears to us that the question as to the *prima facie* correctness of the plaintiff's list is of no consequence. The plaintiff claims that he presented a sworn list; that defendant, without discovering any omissions or supposing that he had discovered any, added a large amount of property. If

he did this he would have been equally guilty if the plaintiff's list had not been sworn to. The fact, then, that it was sworn to (if such was the fact) was of no advantage to the plaintiff, even upon the theory of the instruction. We think, therefore, that the defendant has no ground of complaint.

III. But defendant contends that if plaintiff appeared before the board of equalization, and they refused to make the 2. ——: ——: correction, his damage was caused by their re-

*board of equalization.* fusal; and if he failed to appear his damage was caused by his own negligence. To this it is sufficient to say that if defendant over-assessed plaintiff maliciously, and plaintiff failed to appear before the board, merely because he did not know that he was over-assessed, the defendant should not be allowed to escape the consequences of his malicious act. The jury was virtually so instructed. No evidence is brought up, and every presumption must be entertained in favor of the verdict.

IV. A question, however, is made by the defendant as to the burden of proof. The court instructed the jury that "if the plaintiff knew of the action of the defendant in relation to the assessment, and of which he now complains, in time to have protected himself against its consequences by the exercise of reasonable diligence, and that he then negligently or wilfully failed to do anything to that end, he cannot recover any damages in the premises that he might have protected himself against. The burden of proof to establish this defense is upon the defendant, and he must do so by a preponderance of evidence." The defendant contends that the burden was upon the plaintiff to show that he did not contribute to his injury by negligently failing to protect himself. In our opinion the instruction was quite favorable enough for the defendant. When a person does another an intentional injury we do not think he can require the person injured, as a condition of recovery, to prove that he could not have avoided or limited the injury.

V. The defendant claims that one of the jurors was a non-resident of Iowa, of which fact he was igno- **3. JUROR:** rant at the time of trial. The only evidence of **non-residence.** the non-residence of the juror consists of certain affidavits to the effect that the affiants heard the juror say he was a non-resident. The affidavits are open to the objection of being merely hearsay evidence, so far as the fact of non-residence is concerned. They can be regarded only as establishing the fact that the juror said he was a non-resident, which mere statement, regardless of its truth, would of course be insufficient to justify us in setting aside the verdict.

We think the case should be

AFFIRMED.