JOHN H. HANNON v. JAS. M. GRIZZARD et als.

*Office—Election—County Commissioners.*

1. Qualification is as essential as election to the right to hold office, for the right of one elected to an office to be inducted, is in subordination to the Constitution, and the officer must possess the constitutional qualifications, before he can fill the office.

2. The result of the vote is conclusively settled, so far as the Board of County Commissioners are concerned, by the certificate of the Board of Canvassers.

3. It is reasonable to presume and to act upon the presumption, that a person chosen by the electors is qualified to hold the office, but if the Commissioners are satisfied, or have reasonable grounds to believe, that the person elected is disqualified by the Constitution from holding the office, they are not required to induct him.

4. So where a person was elected to an office, but the Commissioners, acting in entire good faith, refused to induct him, on the ground that he was disqualified under the Constitution from holding the office, but upon a suit instituted to try the title to the office it was adjudged that he was qualified; *It was held,* that an action would not lie against the Commissioners to recover damages for the profits of the office, lost by their refusal to induct.

5. If the action of the Commissioners in such case had been prompted by malice, or to accomplish any unlawful end, the action would lie.

(*Worthy* v. *Barrett,* 63 N. C., 199; *McNeill* v. *Somers,* at this Term; *Hannon* v. *Grizzard,* 89 N. C., 115; *Lee* v. *Dunn,* 75 N. C., 595; cited and approved).

CIVIL ACTION, heard upon a case agreed, by *Shepherd, Judge,* at Spring Term, 1886, of HALIFAX Superior Court.

The plaintiff, with the certificate of his election to the office of Register of Deeds in the county of Halifax from the County Canvassing Board, presented himself before the defendants, the county commissioners, on the first Monday in December, 1882, and tendering the bond required by law, demanded to be inducted into office, on taking the prescribed oath. Against this was offered a protest from some of the

electors, on the ground of non-residence rendering him under the Constitution ineligible. To this paper a response was made, denying that he was not a resident of the county, and averring a want of jurisdiction in the commissioners to inquire into the controverted facts.

The defendants thereupon adjourned the meeting for one week, that the parties might prepare their testimony, and on re-assembling, instituted an investigation, the result of which was to declare a vacancy by reason of the alleged disqualification, and then they proceeded to fill it by the appointment of the defendant Grizzard, chairman of the board, and a competitor in the election. He thereupon entered into the office, and held it until the 6th day of November of the next year, meanwhile receiving the fees and perquisites of the place, when he was ousted by a judgment of this Court in an action of the plaintiff instituted to test the title to the office.

The present action, begun on April 7th, 1884, is instituted against the defendants, then constituting the board of county commissioners, to recover in damages the losses in fees and other emoluments sustained by their refusal to induct him to the office, and for this illegal action only. The recipient of those moneys upon whom the liability primarily falls, is wholly insolvent, and he is associated with the other defendants, as a body, in the act of exclusion.

In the case made up for this Court and signed by opposing counsel, it is admitted that the defendants, " in passing upon the question of eligibility of the plaintiff, acted in good faith, and conscientiously in discharge of what they conceived to be one of their duties, as the board of commissioners of Halifax county."

There was a judgment for the defendants, and the plaintiff appealed.

*Messrs. J. M. Mullen* and *J. A. Moore,* for the plaintiff.
*Messrs. T..N. Hill, R. O. Burton* and *Spier Whitaker,* for the defendants.

SMITH, C. J., (after stating the facts). The first inquiry, the solution of which in favor of the defendants disposes of all the other matters involved in the appeal, is whether they, in assuming jurisdiction in the premises and acting upon their conscientious convictions, incurred personal liability to the plaintiff for their action in refusing to admit him. In *Worthy* v. *Barrett,* 63 N. C., 199, the plaintiff (or petitioner as he is called,) received a majority of the votes cast for the office of sheriff of Moore county, but his induction into office was denied by a majority of the commissioners, for the reason that he was disqualified to hold it and exercise its functions, under the interdict contained in the recent amendment to the Constitution of the United States, article 14; whereupon, he obtained an order for the issue of a writ of *mandamus* against the board of commissioners, to compel them to admit him, and from the judgment in that action the defendants appealed. Upon the hearing, the ruling was reversed, the Court being of opinion that the disqualification did attach, and that the defendants did not commit a wrong in preventing the intrusion into office of a claimant not competent to fill it. The controversy then, as it now is, was as to whether the action of the commissioners was ministerial or judicial. Upon this point, READE, J., speaking for the Court, uses this language: "The solemn act of administering an oath and inducting into office, may not be *merely ministerial.* But if it were, the Court will not compel them to do wrong, if it he clear that they did right."

*McNeill* v. *Somers,* at this Term, is to the same effect. If then, the plaintiff in his action against the usurping occupant, had been found to be ineligible for the place, and had failed in his effort to recover it, it is plain, he would have

no cause of action against the commissioners, for he would not have been kept out of an office to which he was entitled; for *qualification is as essential a condition as an election to the holding of the office, and exercising its appropriate functions.* If it be a tort to entertain an inquiry into the constitutional competency of the person elect, and the duty to induct is absolute and unqualified, why would not a cause of action be furnished in denying the alleged right of admission alike in either case? If the power exists to examine into the qualifications of the applicant under any circumstances, the liability cannot be contingent upon the correctness of the conclusion arrived at, resting upon the commissioners in one case, and removed in the other.

But it must be remembered, that the public have a right and an interest in having offices and places of trust filled by persons who, under the law, are alone declared competent to discharge their duties. The right of one elected by a vote, to be inducted into office, is in subordination to the Constitution, and he must possess the qualifications it prescribes. The result of the vote is conclusively settled, so far as the action of the commissioners is concerned, by the Canvassing Board when authenticated by their certificate, but the person elected must be competent to occupy the place. The electors select, but they must select one who has the necessary qualifications. Are the commissioners bound in all cases to admit into office persons whom they know to be disqualified, or of which fact they have abundant and satisfactory proof, as of alienage or of conviction and adjudged punishment for an infamous crime, or of non-residence, upon peril of personal responsibility for an erroneous judgment? If so, the rule is a harsh measure to be meted out to those public officers in their honest endeavours to do their duty.

We do not mean to encourage the assumption of this power, for, exercised indiscriminately, it is liable to great

abuse and often oppression. It is reasonable to presume, and act upon the presumption, that a person chosen by the electors has the required qualifications, and that he should be permitted to enter upon the office. But in a case where the possession of the necessary qualifications is drawn in question by the protest of a considerable number of the electors, and after an honest and diligent examination of facts, it so appears to the commissioners, (although the evidence was in great doubt, as appears in the opinion in *Hannon* v. *Grizzard*, 89 N. C., 115,) it would be manifestly wrong to punish them in damages for an error in judgment.

The power to exclude from office one elected to it, because he had not complied with the conditions of admission in producing before the Board the evidence of a settlement of taxes collected under a previous incumbency, was upheld in *Lee* v. *Dunn*, 75 N. C., 595, as rightfully exercised.

The plaintiff's demand rests upon an alleged illegal assumption of authority to make any inquiry into his constitutional fitness and act upon it, irrespective of the correctness of the conclusion reached. In other words, it denies the right to refuse admission, even if disqualification does exist. This is to assert that one whom the law prohibits to hold office and to discharge its functions, has a right to be admitted, though then liable to be removed, and that it is a remediable wrong in the commissioners to recognize the force of the constitutional interdict in their own action in the premises. The Canvassing Board, as we have said, determine the result of the election; the commissioners induct into office those who have been elected, and who are qualified to hold it. Both conditions, and alike essential in each, underlie the right to take it, and while in a palpable case, the applicant may be denied admission, and no wrong done him, and the like result follows a correct determination of the incapacity, it would be strange to visit with damages, an unintentional error as decided in a subsequent suit.

We concur with the Judge, that the action does not lie in this case, though it would if the action of the commissioners had been prompted by malice, and as a means of accomplishing an unlawful end.

No error.                                      Affirmed.