THE STATE ex rel. J. W. HAMPTON v. O. T. WALDROP.

*Election—Registration— Voter—Evidence—Office.*

1. Registration is essential to the exercise by a citizen, possessed of the other legal qualifications, of his right to vote, and, when duly made, is *prima facie* evidence of the right.

2. Where the registration book of an election precinct had been lost, and could not be replaced. but the registrar procured a new book, in which he entered the names of such persons as he knew had theretofore been registered, and also the names of those who applied for registration subsequently, and it appeared that, at the election following, no one voted whose name did not appear on the registration book, that no one voted who was not entitled to vote, and no one who was entitled to vote was excluded: *Held*, that the election was not invalid, and that those persons who received the majority of such votes were entitled to be inducted into the offices for which they had thus been chosen.

This was a CIVIL ACTION, which was tried at Spring Term, 1889, of the Superior Court of POLK County, before *Clark, J.*

The plaintiff relator alleged that he was duly elected to be Sheriff of the county of Polk, at the regular. election held in November of the year 1888; that, nevertheless, the County Commissioners of that county refused to induct him into that office, as he requested them to do, and as, in law, they should have done, on the first Monday in December of that year, but professed and undertook to elect the defendant to that office and induct him into office for the term of office then next ensuing.

The defendant denied that the plaintiff was so elected, and alleged that he was elected, &c.

It was agreed of record that the Court should find the facts from the evidence produced, and it did so.

It was admitted that, if the vote cast at the voting place called "Lewis' Store" should be counted, the relator was duly elected. It appeared that the regular registration book

of qualified voters at that voting place had been lost; that the registrar, who had known and who was familiar with the book, was furnished with a new registration blank-book; that he put in the same the names of such persons as he knew had been duly registered in the lost book, and registered in this new book the names of such other persons as were entitled to register.

The plaintiff then offered, in detail, to show that no one voted at "Lewis' Store" who was not duly registered, either on the book used or on the lost registration book; that no one voted but those entitled to vote, and that no one entitled to vote was excluded.

The defendant objected to this as a waste of time, stating that his witness, Mr. Green, had stated that in substance, and that, as to the election, his point was, solely, that the registration book for that precinct was lost and no new registration book had been ordered, and hence, the vote at "Lewis' Store" was illegal and should not be counted.

The Court found that the relator received a majority of the votes legally cast at the election mentioned, and was duly elected, and gave judgment in his favor, and the defendant, having excepted, appealed.

*Mr. W. J. Montgomery*, for the plaintiff.
*Messrs. J. A. Forney* and *M. H. Justice*, for the defendant.

MERRIMON, C. J.—after stating the case: The right to vote at an election is not perfected and does not arise in its completeness until the voter, otherwise eligible, has been registered as the law requires. Registration is essential. The Constitution (Art. VI, § 2) so expressly provides, and this Court has so repeatedly decided. *Southerland* v. *Goldsboro*, 96 N. C., 49; *Rigsbee* v. *Durham*, 99 N. C., 341, and cases there cited.

Registration is evidence—*prima facie* evidence—of the voter's right to vote, but is not conclusive. His right may be challenged before the judges of election, where he claims the right to vote, and the registrar, before the election, and at any time before, and at the election, as allowed by the statute (*The Code*, § 2677), and his right may be afterwards questioned, in any proper connection and way, in an action or other judicial proceeding.

The registration book should be present and used for the purposes prescribed by law at the voting place, while the election is in progress and until all the votes are received. It should not—cannot—be dispensed with in any case, if it can be produced; but, if it be lost, destroyed by accident, or made way with by fraud, or for fraudulent purposes, the mere fact that, by reason of such causes, it is not present at the election, as it should be, cannot deprive a registered voter of his right to vote. He had registered—had perfected his right to vote by registration; he was a registered voter, as much so as if the registration book were present, and, while the book is the proper and the better evidence of the fact, it is not the only evidence. He may offer evidence of the fact, if need be, by his own testimony, that of the registrar, and of such person or persons as were present and saw him registered. If, in such case, the judges of the election should be satisfied that he was then properly registered, he should be allowed to vote, and he should be, although it might turn out that the absence of the registration book might, in some way and for some cause arising, destroy the validity of the election at that voting place. This is so, because it might be, as in this case, that all the registered voters voted, or had opportunity to vote. The law favors the right to vote, and encourages the just exercise of that right. The spirit of the political institutions of this country is, that the government shall be controlled and administered by officers and agencies elected from time to time by the free

voice of the people, expressed by the lawful electors at the ballot-box.

It is admitted, that if the vote cast at the election in question held at "Lewis' Store," was valid, then the relator was elected as he alleges. It appears that the regular registration book of that place, containing a list of the names of the registered voters there, had been lost some time before that election, and it was, hence, not present and used at it. It is admitted, however, that all the voters who voted there had been duly registered, either in the lost registration book, or in the new one used by the registrar; "that no one voted but those entitled to vote, and that no one entitled to vote was excluded." It is not suggested that the absence of the lost book in any way facilitated unlawful or fraudulent voting, or prevented legal voters from voting, or, in any respect, prevented a fair election—it is simply contended for the defendant that the absence of the lost book and the fact of its loss, rendered the election illegal and void. For reasons already stated, we think this contention is unfounded. The statute does not provide that the election shall be void, at all events, if the registration book is not present at the election. Its presence is required for the purpose of facilitating the election—to promote honest voting and prevent dishonest voting—by its use in the way prescribed. It is intended to serve the purpose of a valuable and important help to the officers holding the election, and should, and must, be present when it may be. But if, for any cause, those who ought to produce it cannot, and the election is, nevertheless, held fairly and honestly— all lawful voters vote, or have fair opportunity to do so— the election is not void, but valid, and the vote so cast should be counted.

It appears that the registrar was furnished with a new registration book. In this book he entered a list of the voters registered in the lost book, so far as he could remem-

ber them, and, likewise, the names of such as were qualified and entitled to be registered, but had not been registered before that time. This was not unlawful, but certainly, as to the newly registered voters, a substantial compliance with the statute (*The Code*, § 2675).

The relator was, therefore, elected, as he claimed to have been. The County Commissioners could not impair or destroy his right to be inducted into the office to which he was so elected, by appointing the defendant to be Sheriff. They had no authority to declare that he was not elected. When he presented to them his proper certificate of election, and showed to them that he had accounted as the former Sheriff for public moneys, wherewith he was charged, as required by law, it at once became their duty to induct him into office according to law. *Roberts* v. *Calvert* 98 N. C., 580; *Hannon* v. *Grizzard*, 96 N. C., 293.

It was further contended that the relator was the former Sheriff of the county named, and had failed to pay the proper officers the taxes due from him, as required by the statute (*The Code*, § 2068), and that he was, therefore, ineligible to be Sheriff. This was not made the ground of the refusal of the County Commissioners to induct him into office. They did not afford him opportunity to show that he had paid such taxes, as he alleged he had done. They appointed the defendant to be Sheriff, on the ground that the relator had not been elected as he claimed.

But, in that view, there was no merit in such objection, because the evidence was competent, and the Court below properly found as a fact that the relator had, at "the date of said election, settled and fully paid up to every officer the taxes which were due from him."

Affirmed.