## BLACK v. LINN *et al.*

1. The commissioners of the Soldiers' Home, vested by the Legislature with discretionary power to govern that institution, and to adopt rules and appoint a commandant, are personally liable in damages if they wrongfully and maliciously expel a member and deprive him of his rights.

2. Members of the State Soldiers' Home are subject to all regulations

deemed essential to good discipline, and may be dishonorably discharged for refractory or unbecoming conduct.

HANEY, P. J., dissenting.

(Opinion filed Oct. 7, 1903)

Appeal from Circuit Court, Fall River County.   Hon. LEVI McGEE, Judge.

Action by William Black against Arthur Linn and others. Judgment for defendants, and from an order refusing a new trial, plaintiff appeals.   Reversed.

*Wilson & Wilson*, for appellant.

If an officer not judicial abuses his office either by an act of omission or commission, the consequence of which is an injury to an individual an action lies against such officer for damages.   Robinson v. Chamberlain, 34 N. Y. 389; Adsit v. Brady, 4 Hill, 632; Lick v. Madden, 36 Cal. 208; Boardman v. Hayne, 29 Iowa 346; Blythe v. Tomkins, 2 Abb. Pr. 472; Rochester White Lead Co. v. Rochester, 3 N. Y. 467; Newall v. Wright, 3 Allen 166; Eslava v. Jones. 83 Ala. 139.

The offices of commandant and members of Board of Soldiers' Home are not judicial officers.   Flourney v. City of Jeffersonville, 17 Ind. 169; Ray v. City of Jeffersonville, 90 Ind. 572.

*Kellar & Kellar*, for respondents.

Quasi-judicial officers are not liable for their acts even though done maliciously.   Mechem on Public Officers, Sec. 640 and cases cited; Wilson v. Mayor of New York, 1 denio 595; Weaver v. Devnedor, 3 denio 117; East River Co. v. Donnelly, 93 N. Y. 559; Amperse v. Winslow, 42 N. W. 823; Turpen v. Booth, 56 Cal. 65.

FULLER, J.   Plaintiff, an honorably discharged Union

veteran, brought this action against the commandant and com-
missioners of the South Dakota Soldiers' Home to recover
damages arising from a grievance stated in his complaint as
follows: "That the said defendants, on the 24th day of May,
1900, without cause, wickedly and maliciously. with intention
to injure this plaintiff, issued an order dishonorably discharg-
ing this plaintiff from said South Dakota Soldiers' Home, and
did wickedly and maliciously, by force and threats, and against
plaintiff's will, and by violence. remove the said plaintiff from
the said Soldiers' Home, thereby depriving him, the said plain-
tiff, from further enjoying the privileges, immunities, and
benefits which he was and is entitled to as a member of said
home, and so continue still to deprive said plaintiff from his
membership in said home, contrary to his will, and without his
consent." As declared by the Legislature, the object of the
institution is to provide a home and subsistence for disabled
soldiers, such as plaintiff, and its general supervision and gov-
ernment is vested in a board of five commissioners, having
power to a opt rules and appoint a commandant to serve during
their pleasure. Being thus given authority to exercise judg-
ment and discretion in the performance of duties imposed by
statute, it was held at the trial that the defendants are not
personally liable for damages resulting from any of their
official acts. Consistent with such a view, and on the ground
that the facts stated in the complaint do not constitute a cause
of action, the trial court, after rejecting all evidence offered on
the part of the plaintiff, directed a verdict in favor of defend-
ants. and this appeal is from an order overruling a motion for
a new trial.

In the absence of any evidence, and for the purposes of
17 S. D.—22

this appeal, it must be assumed that respondents maliciously, wickedly, and with the intention to injure appellant, wrongfully removed him from the home by means of a dishonorable discharge and the use of threats, force, and violence, to his damage in the sum for which judgment is demanded. It is not given to the courts to make such officers answer in damages on account of honest acts necessarily intrusted to their discretion by the Legislature, and public policy demands that they be protected from the consequences of erroneous judgment, although injury to an individual is thereby occasioned. The presumption being that all public officers act in the utmost good faith, the question is not whether the treatment of which appellant complains was right or wrong, but whether his dishonorable discharge and exclusion from the home was maliciously affected. If the respondents acted wantonly, and with the intent to injure appellant, rather than to honestly discharge a public duty, this action for damages is clearly maintainable. The rule sustained by the greater weight of well-reasoned authority is to the effect that public officers intrusted by law with the exercise of judgment and discretion are liable to a person injured as the result of their acts only when such acts are prompted by malice or corruption. Yealy et al v. Fink, 43 Pa. 212, 82 Am. Dec. 556; Hannon v. Grizzard, 96 N. C. 293, 2 S. E. 600; Parkinson v. Parker, 48 Iowa, 667; McOsker v. Burrell, 55 Ind. 425; McCormick v. Burt et al., 95 Ill. 263, 35 Am. Rep. 163; Green v. Swift, 47 Cal. 536; Pike v. Megoun et al., 44 Mo. 491; Bailey v. Berkey (C. C ) 81 Fed. 737; Waldron v. Berry, 51 N. H. 136; Lee v. Huff, 61 Ark. 494, 33 S. W. 846; 23 Am & Eng. Ency. of Law (2d Ed.) 375. Although the object attained in this instance was clearly within the exercise of warranted discretion,

the alleged means and motives which produced it are not entitled to judicial sanction, nor the immunity afforded public officers from responding in damages to persons injured by their authorized acts. While members of the home are subject to all regulations deemed essential to good discipline, and may be dishonorably discharged for refractory or unbecoming conduct, they are not without a remedy in the nature of an action for damages against managing officers when injured by their willfully corrupt or malicious acts. The order appealed from is reversed, and the case remanded for further proceedings.

HANEY, P. J., dissenting.