### Bromley v. Hadley, Controller.

*Public officers—Civil officers—Chief personal porperty assessor of the City of Philadelphia—Member of legislature—Incompatible offices—Constitutional law—Article ii, section 6—Act of April 7, 1927.*

1. The chief personal property assessor of the Board of Revision of Taxes of the City of Philadelphia, appointed under the Act of April 7, 1927, P. L. 149, is not a civil officer within the meaning of article ii, section 6, of the Constitution, which provides that "no senator or representative shall, during the time for which he may have been elected, be appointed to any civil office under the Commonwealth."

2. The chief personal property assessor is a mere clerk or employee of the Board of Revision of Taxes, appointed by the board and removable at its pleasure, and, as such, exercises no independent functions of government as a public or civil officer.

Case stated. C. P. No. 5, Phila. Co., June T., 1927, No. 22624.

*R. R. Vale,* for plaintiff; *S. D. Wilson,* for defendant.

MARTIN, P. J., Nov. 1, 1927.—On April 7, 1927, the Governor approved an act of the legislature entitled: "An act providing for the appointment of assessors of personal property in counties of the first class; defining their duties and fixing their salaries."

Section 1 enacts: "That the board of revision of taxes in counties of the first class shall, on April first, one thousand nine hundred and twenty-seven, and every five years thereafter, appoint one chief assessor of personal property and eight deputy assessors of personal property, and shall have the power to fill all vacancies that may occur by death, resignation or otherwise, and shall have the power to remove any such assessor for incompetence, neglect or refusal to faithfully perform his duties."

In section 2 it is declared to be the duty of the chief assessor and deputy assessors to assess all personal property subject to taxation for county purposes, and they are vested with "all of the powers and duties conferred by law on assessors with respect to the assessment of taxable personal property."

Section 3 fixes the salary of the chief assessor at $5000 per annum, and that of each of the deputy assessors at $4000.

The City Council of Philadelphia, by Ordinance approved July 8, 1927, appropriated money to provide for the salaries of the chief and deputy assessors of personal property.

The Board of Revision of Taxes of the City of Philadelphia duly appointed Wallace Bromley chief personal property assessor, the appointment to take effect June 1, 1927.

The Controller of the City of Philadelphia has withheld his approval of the warrants drawn by the Board of Revision of Taxes for the payment of the salary of Wallace Bromley, the chief personal property assessor, and assigned as his reason for withholding payment, that Wallace Bromley is disqualified from holding the office by the restrictions of article ii, section 6, of the Constitution of Pennsylvania, which provides that "no senator or representative shall, during the time for which he may have been elected, be appointed to any civil office under the Commonwealth."

Prior to the appointment of Wallace Bromley as chief personal property assessor, he was a Representative in the General Assembly of the Commonwealth of Pennsylvania, having been elected in 1926 to represent the 14th District of the County of Philadelphia for the term of two years from Dec. 1, 1926. He tendered his resignation to the Honorable Thomas Bluett, Speaker

of the House of Representatives, as of May 31, 1927. The resignation was accepted the same day.

This amicable action was instituted by Wallace Bromley against WillB. Hadley, Controller. A case stated was agreed upon, setting forth the facts, and stipulating if the court be of the opinion that the appointment and employment of Wallace Bromley as chief personal property assessor for the Board of Revision of Taxes is not a "civil office" as comprehended by article II, section 6, of the Constitution of Pennsylvania, judgment shall be in favor of the plaintiff and against the defendant; but if the court should decide the appointment and employment is that of a "civil office," the judgment should be for the defendant and against the plaintiff.

The instructions received by Bromley from the Board of Revision of Taxes direct that he be head of the department comprising the personal property assessors and responsible to the Board of Revision of Taxes in seeing that its instructions with respect to the taxing of personal property are carried out. His duties, clerical and administrative, are defined in detail.

He exercises no function of government; his tenure of office is indefinite; neither an oath or bond is required of him; and by the terms of the act providing for his appointment, the Board of Revision of Taxes is vested with the power of removal. Appointments are to be made every five years; but the term is for no assuredly definite time when there is lodged in the appointing power the right of removal.

He exercises the functions of a clerk in the employ of the board. He does not act as the Board of Revision, but for the board. There is no delegation of sovereignty in the position that he occupies; the encumbent is an employee, not an officer. He has no direct connection with, or responsibility to, the public; but is entirely subordinate to the Board of Revision; and can be removed at any time if, in the opinion of the board, he is incompetent, negligent or refuses to faithfully perform his duties.

In Olmstead v. The Mayor of New York, 42 N. Y. Superior Ct. Reps. 481, it was said that the term "office" "implies an authority to exercise some portion of the sovereign power of the state, either in making, administering or executing the laws. An officer is one who holds such an office. An employee is one who receives no certificate of appointment, takes no oath of office, has no term or tenure of office, discharges no duties and exercises no powers depending directly on the authority of law, but simply performs such duties as are required of him by the persons employing him, and whose responsibility is limited to them, and this, too, although the person so employing him is a public officer and his employment is in and about a public work or business."

In Com. ex rel. v. Murphy, 11 Dist. R. 361, 362, Judge Weand said: "The thought running through every definition of an officer is that he shall perform some service or owe some duty to the government, state or municipal corporation and not merely to those who appoint or elect him. . . ."

"The distinction between officer and placeman is that the former must take an oath of office; the latter, not," citing 63 N. C. 199.

The chief assessor is not designated in the act as an officer, and his duties, by the terms of the act, are limited to assessments on personal property for county purposes.

" 'Civil officer' is a term embracing such officers as in whom part of the sovereignty or municipal regulations or the general interests of society are vested. . . . 'Civil officers . . . are governmental agents—they are natural persons—in whom a part of the state's sovereignty is vested or reposed, to

be exercised by the individual so entrusted with it for the public good. The power to act for the state is confided to the person appointed to act. It belongs to him upon assuming the office. He is clothed with the authority which he exerts, and the official acts done by him are done as his acts and not as the acts of a body, corporate:'" 11 Corpus Juris, 797, title "Civil Officer," and notes.

"It sometimes becomes both necessary and important to ascertain what elements are essential to constitute a public officer and to distinguish official status from that of an agent, employee or contractor. The word 'office' implies a more or less permanent delegation of a portion of the governmental power, coupled with defined duties and privileges, continuous in their nature, and which, upon the death, resignation or removal of the incumbent, devolves on his successors:" Tiedeman on Municipal Corporations (ed. 1894), § 67.

"This clerk is not required to take an oath of office, gives no bond, and can be appointed at the pleasure of the board:" Com. ex rel. v. Murphy, supra.

"An employee is one who receives no certificate of appointment, takes no oath of office, has no term or tenure of office, discharges no duties and exercises no powers depending directly on the authority of the law, but simply performs such duties as are required of him by the persons employing him, and whose responsibility is limited to them, and this, too, although the person so employing him is a public officer and his employment is in and about a public work or business:" Olmstead v. The Mayor of New York, 42 N. Y. Superior Ct. Reps. 481, cited in the opinion of the Attorney-General, 12 Dist. R. 587-590.

And now, to wit, Nov. 1, 1927, the court being of opinion that the appointment and employment of Wallace Bromley as chief personal property assessor of the Board of Revision of Taxes of the City of Philadelphia was not a "civil office" under this Commonwealth as the term is used in article II, section 6, of the Constitution of Pennsylvania, judgment is entered in favor of the plaintiff and against the defendant.