STATE EX REL. WAYNE BRIGMAN v. J. M. BALEY, SR.

(Filed 2 March, 1938.)

**1. Public Officers § 4b—**

> A statute which creates no new office and appoints no additional officer, but merely attaches new duties to offices already existing, to be performed by the incumbents therein, does not violate Art. XIV, sec. 7.

**2. Same—Act is question held to require one person to hold two public offices, and statute is unconstitutional as violating Art. XIV, sec. 7.**

> Ch. 177, Public-Local Laws 1931, providing that the chairman of the board of education, the chairman of the board of health, and the superintendent of public schools of Madison County should serve without pay as the jury commission of the county, with specified duties, with provision that their terms of office should begin on a specified date and that they should qualify and take oath of office, and that the jury commission thus constituted should serve as the tax commission for the county with power to name tax supervisors, listers and assessors, and should also be members of the Equalization Board, *is held* to create new offices to be filled by persons already holding public office, as distinguished from the mere addition of other duties to offices already existing, and is unconstitutional as requiring the same person to fill two public offices in violation of Art. XIV, sec. 7; C. S., ch. 62.

**3. Public Offices § 4c—**

 A statute providing that the incumbent of one public office should also fill another public office is unconstitutional as violating Art. XIV, sec. 7, and cannot be upheld as merely affording the choice between the offices so that the acceptance of the second office would *ipso facto* vacate the first, since incumbency in the first is essential to incumbency in the second.

**4. Public Offices § 11—**

 Where it is determined that the special statute under which relator was appointed to an office is unconstitutional and void, his suit to recover the emoluments of office from the person appointed under a valid general statute which he contends was repealed by the special statute, necessarily fails.

APPEAL by defendant from *Johnston, J.,* at September Term, 1937, of MADISON.

Proceeding in the nature of *quo warranto* to try title to office of tax lister and to recover emoluments of the office alleged to have been wrongfully collected by respondent.

The relator, Wayne Brigman, alleges that he was duly appointed tax lister in No. 1 Township, Madison County, for the year 1935 by the Tax Commission of said county under authority of ch. 177, Public-Local Laws 1931; that the respondent, J. M. Baley, Sr., claims a like appointment by the county commissioners of the county under the general law, and that said respondent has received the emoluments of the office, which justly belong to the relator.

Respondent demurred to the evidence and moved for judgment of nonsuit. Overruled; exception.

From verdict and judgment in favor of relator the respondent appeals, assigning errors.

*Carl Stewart and Jones, Ward & Jones for relator, appellee.*
*Roberts & Baley for respondent, appellant.*

STACY, C. J. It is conceded by all the parties that the case turns on the validity of ch. 177, Public-Local Laws 1931, being "An Act to Create a Jury Commission and a Tax Commission for the County of Madison."

The record discloses that relator was appointed tax lister in one of the townships of Madison County for the year 1935 by the Tax Commission created by the Public-Local act in question, while the respondent was appointed to the same office by the commissioners of the county under the general law. If relator's appointment be valid, the remaining questions are not difficult of solution. On the other hand, he concedes that if the members of the Tax Commission were not authorized to act, his purported appointment is a nullity. The office was held by respond-

ent under his appointment by the county commissioners, and he has received the emoluments thereof.

The pertinent provisions of the act in question follow:

"Sec. 1. That the chairman of the board of education, the chairman of the board of health, and the superintendent of public schools of Madison County, and their successors in office, be and they are hereby named as a jury commission for the said county of Madison, to serve without pay, and whose term of office shall begin on the first Monday in April, one thousand nine hundred and thirty-one, or as soon thereafter as they may qualify, as hereinafter provided. . . .

"Sec. 3. That on the first Monday in April, one thousand nine hundred and thirty-one, or as soon thereafter as practicable, the aforesaid named commission shall present themselves before the clerk of the Superior Court for Madison County, or some other person qualified to administer oaths, where they shall all take the oath of office to the effect that they will honestly and conscientiously perform their said duties towards carrying out the provisions of this act without fear or favor, to the very best of their ability.

"Sec. 4. That immediately after taking their said offices it shall be their duty to revise the jury box for Madison County. . . .

"Sec. 10. That the jury commission of Madison County, composed of the chairman of the board of education, chairman of the board of health, and the county superintendent of schools and their successors, shall serve as a tax commission for Madison County, and shall, from and after the ratification of this act, as is or hereafter may be provided by law, name all county supervisors, tax listers and assessors for Madison County, including county, township, and all other county supervisors or supervisors, listers and assessors that are or may hereafter be provided by law. The said commission shall, while acting in the capacity of a tax commission, name the salaries to be drawn as is or hereafter provided by law, and make such other rules and regulations as the law governing listers and assessors provides. The said commission shall serve as members of the equalization board and shall sit with the county commissioners as members of said equalization board, and the two boards shall constitute the equalization board of Madison County."

The validity of this Public-Local Act, which respondent here assails, was upheld in the court below on authority of *McCullers v. Comrs.*, 158 N. C., 75, 73 S. E., 816. There it was said that certain duties of the county boards of health might be performed *ex officio* by the chairman of the board of commissioners, the mayor, and the superintendent of schools, as a part of the duties of their several offices, without violating the provisions of the Constitution, Art. XIV, sec. 7, against dual office-holding. It was specifically pointed out that the statute created no new office so far as the *ex officio* members were concerned, but only imposed

upon them additional duties as "a part of the duties of the one office already held by each."

The decision in the *McCullers case, supra,* is supported by authority, as well as by time-honored custom and practice. It is not unusual for the General Assembly to confer or impose additional powers and duties upon offices already in existence, or to require officers already elected or appointed for general service to act as *ex officio* members of boards or commissions. *Grimes v. Holmes,* 207 N. C., 293, 176 S. E., 746. Many instances might be cited, but in serving in such *ex officio* .capacity it is not customary for any new qualification or oath of office to be required of the officers whose duties are thus increased or enlarged. *Bridges v. Smallcross,* 6 W. Va., 562.

A statute which creates no new office and appoints no additional officer, but merely attaches new duties to offices already existing, to be performed by the incumbents therein, does no violence to Art. XIV, sec. 7, of the Constitution, which provides that "no person who shall hold any office or place of trust or profit . . . under this State, or under any other state or government, shall hold or exercise any other office or place of trust or profit under the authority of this State." *McCullers v. Comrs., supra,* and cases there cited.

The Public-Local Act here assailed is presumed to be within the constitutional power of the General Assembly. *S. v. Williams,* 209 N. C., 57, 182 S. E., 711. However, from a careful perusal of its provisions, the conclusion seems inescapable that new offices are thereby created and not merely additional duties added to offices already existing. *Groves v. Barden,* 169 N. C., 8, 84 S. E., 1042; *S. v. Knight, ib.,* 333, 85 S. E., 418; *Eliason v. Coleman,* 86 N. C., 236; *Clark v. Stanley,* 66 N. C., 60; *Worthy v. Barrett,* 63 N. C., 199; *U. S. v. Hartwell,* 73 U. S., 385. Certain officers and their successors in office are named as a jury commission, whose "term of office" is to begin on the first Monday in April, 1931, or as soon thereafter as "they may qualify as hereinafter provided." The qualification thereinafter provided consists of taking "the oath of office" as jury commissioners; and "immediately after taking their said offices" the commissioners are required to revise the jury list, etc. "An office is a public station, or employment, conferred by the appointment of government. The term embraces the ideas of tenure, duration, emolument, and duties." *Mr. Justice Swayne* in *U. S. v. Hartwell,* 73 U. S., 385. See McIntosh, N. C. Prac. and Proc., 1089.

The jury commission is to serve as tax commission for Madison County and also as members of the equalization board. As tax commission they are to name all county supervisors, tax listers and assessors, fix their salaries, and promulgate rules and regulations governing listers and assessors. The effect of the act, therefore, is to create new offices, with certain defined duties, and attach these offices to other offices al-

ready existing. This is not permissible under the Constitution. See C. S., ch. 62, Offices and Public Officers.

It is not provided by the Public-Local Act in question that the persons or individuals who hold the offices of chairman of the board of education, chairman of the board of health and superintendent of public schools of Madison County, respectively, shall constitute the jury commission, with duties of tax commission attached, so as to put them to an election between their present offices and the new ones. *Barnhill v. Thompson,* 122 N. C., 493, 29 S. E., 720. The statute affords no opportunity of choice or election. Its effect is to combine the several offices and require them to be filled by the same persons at the same time. Herein lies its deficiency. *McNeill v. Somers,* 96 N. C., 467, 2 S. E., 161; *Hannon v. Grizzard, ib.,* 293, 2 S. E., 600.

We do not have the case where the acceptance of a second office by one holding a public office operates *ipso facto* to vacate the first. *Harris v. Watson,* 201 N. C., 661, 161 S. E., 215. Here incumbency in the first is essential to incumbency in the second, and to vacate the former would be to vacate the latter. The two are inseparably connected or linked together. This is the fault or imperfection of the statute. It is not permissible under the Constitution for one person to hold two offices at the same time except in certain instances which are not presently germane.

Nor do we have a case of *de facto* officers acting *colore officii* or under color of authority. *Hughes v. Long,* 119 N. C., 52, 25 S. E., 743; *Norfleet v. Staton,* 73 N. C., 551.

The conclusion results that as the designated officers are not competent to serve as jury commission, with duties of tax commission attached, under the terms of the statute, the attempted appointment of relator as tax lister was unavailing, and his action fails. *Whitehead v. Pittman,* 165 N. C., 89, 80 S. E., 976. The motion for judgment as in case of nonsuit should have been allowed.

Reversed.