Plaintiffs as citizens and taxpayers of Madison County instituted this action to restrain the board of county commissioners (1) from electing or appointing W. G. Buckner tax collector, or permitting him to exercise the duties of tax collector; (2) to restrain the defendant from permitting J. M. Baley, Sr., to have the delinquent tax books, or to perform duties as delinquent tax collector; (3) to restrain defendant from paying any county funds to W. G. Buckner or J. M. Baley, Sr., or any other person elected by defendant as tax collector. A temporary restraining order issued accordingly, with notice to defendant to show cause why the order should not be continued to the hearing. On the return day of the notice, after considering the complaint, answers and affidavits, judgment was rendered for plaintiffs, enjoining defendant and its employees, W. G. *Page 211 
Buckner and J. M. Baley, Sr., from interfering with Roy Wade Ponder in the performance of the duties of tax manager or tax collector, and requiring the delivery of the tax books, and other property used in the collection of taxes, to Roy Wade Ponder, who was held to be the legally elected and qualified tax manager or tax collector of the county. The defendant was further enjoined from paying any county funds to said Buckner or Baley in connection with tax collections, and required to pay the salary of tax manager to Roy Wade Ponder, and also to pay the premiums on the surety bond of said Ponder.
The method of selecting a tax collector or tax manager for Madison County is prescribed by sec. 4, ch. 341, Public-Local Laws 1931, as follows: "That from and after the ratification of this act no auditor or tax collector shall be elected for Madison County in any other way or manner save that provided in this section. That on the first Monday in December, one thousand nine hundred and thirty-two, the chairman of the board of education, the chairman of the board of county commissioners, the chairman of the board of health, the chairman of the sinking fund commission, and their successors in office, and the chairman of any other boards that may be created by this Legislature, for Madison County, shall meet and elect an auditor by a majority of the votes of the various chairmen. . . . That the office of tax collector of Madison County is hereby abolished except, however, that the present tax collector shall continue to collect taxes that are now in his hand. That the chairmen of the various boards referred to in this section shall meet on the first Monday in August, one thousand nine hundred and thirty-one, and by a vote of the chairmen of the said boards and in the manner hereinbefore provided, elect a tax manager's for a period of two years, whose duty it shall be to collect the taxes, and the chairmen of the various boards shall fix the tax manager's salary and prescribe his duties, and said salary shall be paid by the board of county commissioners out of the general county funds, and thereafter the said tax manager shall be elected biennially by the chairmen of the said boards herein referred to."
The pertinent findings of fact of the court below may be briefly stated as follows: On the first Monday in August, 1931, the designated chairmen, including chairman of the defendant board, elected J. K. Wilson as tax manager for the county, and biennially thereafter reelected him up to and including August, 1939. The defendant board recognized the validity of these acts by participating in the election of tax manager thereunder, turning over the tax books to him and making annual settlements with him, and paying the premium on his surety bond. In October, 1939, Wilson tendered his resignation effective upon the election and qualification of his successor, and thereupon written notice was given the proper chairmen, including chairman of defendant board, of meeting *Page 212 
to elect a successor to Wilson. At the meeting Roy Wade Ponder was duly elected as tax manager of the county to fill out the unexpired term ending August, 1941. Roy Wade Ponder promptly qualified and gave bond approved by the sinking fund commission, and demanded possession of the tax books and property incident to tax collection. The defendant declined to comply and turned the books over to W. G. Buckner, whom it had attempted to elect as tax collector and to whom it intends to pay from the public funds for services as tax collector $125 per month. The defendant also attempted to appoint J. M. Baley, Sr., "delinquent tax collector," and turned over to him the delinquent tax books, proposing to pay him $100 per month from the county funds. The said Buckner has not had his bond approved in the manner required by ch. 183, Public-Local Laws 1931.
The court below adjudged that W. G. Buckner was not the tax collector of Madison County, either de jure or de facto, and that Roy Wade Ponder was the duly and legally elected tax manager or tax collector, and alone charged with duty of collecting all current and delinquent taxes, and that the appropriation of county funds to pay the proposed salaries of Buckner and Baley would be unlawful. It was also adjudged that the defendant pay the costs.
The defendant excepted to the findings of fact and the judgment of the court below, and appealed to the Supreme Court.
This action was instituted by two citizens and taxpayers of Madison County. They are the only plaintiffs. The defendant is the board of county commissioners. The action concerns the title to the office of tax manager or tax collector of the county. The plaintiffs allege that Roy Wade Ponder is the legally elected and qualified tax officer, while the defendant asserts that W. G. Buckner is the lawful incumbent of the office. But neither of the rival claimants is party to the suit. In that respect the plaintiffs are not the real parties in interest. C. S., 446. Moreover, the attempt to try the title to a public office by injunction has been held improper. Jones v. Comrs. of Granville County, 77 N.C. 280; Rogers v.Powell, 174 N.C. 388, 93 S.E. 917. If there were nothing more in the action than this, it might be readily dismissed. But the plaintiffs as citizens and taxpayers of the county have also sought in this action to restrain the board of county commissioners from making illegal disbursements of public funds by the payment of salaries to unauthorized persons. For this purpose the plaintiffs have a standing in court as parties with a legal interest in the controversy, and the question *Page 213 
is raised whether the proposed payments to W. G. Buckner and J. M. Baley, Sr., for services as tax collectors are unlawful.
Hence, on this record as the action is now constituted, the only question properly presented for determination is the ruling of the court below on the plaintiffs' suit to restrain the defendant board of county commissioners from making unlawful appropriations of the county funds to the payment of the persons attempted to be elected by the defendant as tax collectors for the county. On this point the plaintiffs' contention is the defendant had no lawful authority for the election of the persons named as tax collectors, for the reason that the statute regulating the selection of persons to collect the county taxes sets forth an exclusive method for so doing, which defendant has not observed.
It is apparent that unless the method of selecting the tax collecting officer for Madison County, prescribed by sec. 4, ch. 341, Public-Local Laws 1931, can be disregarded, the defendant board was without authority to elect Buckner and the proposed payment of county funds to him as tax collector would be unlawful.
An examination of the Public-Local Laws of 1931 reveals that the General Assembly at that session created for Madison County four boards or commissions, to wit: Jury and tax commission (ch. 177), sinking fund commission (ch. 183), board of health (ch. 322), and highway commission (ch. 343). The chairmen of these boards, together with the chairman of the county board of education and the chairman of the board of county commissioners, six in number, originally composed the body charged with the duty of electing a tax manager or tax collector for the county. However, the act attempting to create the jury and tax commission was held by this Court, Spring Term, 1938, to be violative of Art. XIV, sec. 7, of the Constitution of North Carolina, and the persons named in the act (ch. 177) were adjudged incompetent to perform any duty thereunder. Brigman v. Baley,213 N.C. 119, 195 S.E. 617. This act being void from the beginning, the named chairman was without power to act. He, however, took no part in the election of a successor to J. K. Wilson as tax manager. Likewise, the act attempting to create a board of health for Madison County (ch. 322) may be regarded as inoperative on constitutional grounds, and the chairman of that board accordingly held without power to perform any official duty thereunder. This would leave four chairmen apparently capable of acting, to wit, the chairman of the board of county commissioners, the chairman of the county board of education, the chairman of the sinking fund commission, and the chairman of the highway commission.
The validity of the act creating a highway commission for Madison County may not be successfully attacked. The local act (ch. 343) was passed after the enactment of the general statute (ch. 148, Public Laws *Page 214 
1931), but even if passed prior thereto would not have been invalid for that reason, as pointed out by Schenck, J., in Rogers v. Davis, 212 N.C. 35,192 S.E. 872. This act (ch. 343) was referred to in Waldroup v.Ferguson, 213 N.C. 198, 195 S.E. 615. The power of the Legislature to create highway commissions to take over the duties of the boards of county commissioners is well recognized. Comrs. v. Bank, 181 N.C. 347,107 S.E. 245; Ellis v. Greene, 191 N.C. 761, 133 S.E. 395. The act creating a sinking fund commission for Madison County (ch. 183) may also be regarded as a valid exercise of legislative power. Jones v. Comrs. of MadisonCounty, 137 N.C. 579, 50 S.E. 291; Audit Co. v. McKensie, 147 N.C. 461,61 S.E. 283. It appears that Buckner has not filed bond approved by the sinking fund commission as required by this act.
It may be noted that the act relating to the election of a tax manager does not fall under the condemnation of Brigman v. Baley, supra, for here these chairmen were not required to qualify or take oath of office. This act merely provides that new and additional duties ex officio were imposed upon those holding these offices. This was held in McCullers v. Comrs.,158 N.C. 75, 73 S.E. 816, not to violate the prohibition of Art. XIV, sec. 7, of the Constitution.
The defendant contends that the act, chapter 341, Public-Local Laws 1931, is ineffective to provide exclusive machinery for the election of a tax collector on the ground that, by the language of the 1931 act creating the several boards or commissions, the terms of office of the members were limited to four and six years, and that in 1939, after the expiration of their terms, the chairmen of these boards were without power to act, thereby causing the machinery to collapse, and that consequently there was no legal restraint upon the power of the board of county commissioners to fill the vacancy. It will be observed, however, that the statutes prescribe terms of four and six years "from the date of ratification of this act and until their successors are appointed and qualified." It is further provided that in case a member of a board shall for any cause cease to act the remaining members shall elect his successor. As the General Assembly appointed the members of the boards, it had unrestricted power to appoint their successors, or provide for their election, and having failed to do so up to the present, is presumed to have acquiesced in their continuance in office, but always with power to terminate, change or continue the appointment. Hence, it may not be held that the Legislature intended or attempted to create a perpetuity or to violate any of the provisions of Art. I of the Constitution. Both the Constitution (Art. XIV, sec. 5) and the general statute (C. S., 3205) expressly authorize the continuance in office of public officers until their successors are chosen. Markham v.Simpson, 175 N.C. 135, 95 S.E. 106. *Page 215 
It is further objected that since the body empowered to elect the tax manager was originally composed of six persons, chairmen of designated boards or commissions, the incompetency of two of the electors has rendered the remaining four without power to act.
Without making a ruling on the record as it is now constituted, in the absence of a direct attack by proper proceeding, it would seem that the action of the electing body, under the facts found by the court below, is at least prima facie in accord with the statute, and that the machinery therein provided excludes authority on the part of defendant board to take over the office of county tax collector. It was found from the pleadings and affidavits that, after proper notice of meeting of the chairmen for the purpose of electing a successor to Wilson for the unexpired term, Roy Wade Ponder was "duly elected," that is, elected in accordance with the act. There is nothing in the defendant's answer or affidavits to the contrary. It may be further noted that whether the electing chairmen were acting dejure or not, they were acting in the performance of a public duty imposed upon them by law, and for five successive terms had elected the tax manager for the county and their action had been given unquestioned recognition by the people of the county and by the defendant board, and the taxes were collected and accounted for pursuant to the election by the designated chairmen. There was no vacancy or hiatus in the functioning of the exclusive machinery for electing a tax collector, so as to permit authority in this respect to devolve upon the board of county commissioners. Norfleetv. Staton, 73 N.C. 546; S. v. Lewis, 107 N.C. 967, 12 S.E. 457; Bakerv. Hobgood, 126 N.C. 149, 35 S.E. 253; Smith v. Carolina Beach,206 N.C. 834, 175 S.E. 313; C. S., 3204.
It is urged that the entire plan, by which the General Assembly, through the creation of boards and by naming the members thereof, undertook to control the local affairs of Madison County, should be struck down by the court. But it must be remembered that the General Assembly has power to create counties and to regulate their affairs unless restricted by constitutional provision. Counties are political subdivisions and instrumentalities of the State by means of which the State performs certain of its governmental functions within its territorial limits. S. v.Jennette, 190 N.C. 96, 129 S.E. 184. It was said in Jones v. Comrs. ofMadison County, 137 N.C. 579, 50 S.E. 291, speaking of the power of the Legislature over counties: "In the exercise of ordinary governmental functions they are simply agencies of the State, constituted for the convenience of local administration in certain portions of the State's territory, and in the exercise of such functions they are subject to almost unlimited legislative control, except when this power is restricted by constitutional provision." Trustees v. Webb, *Page 216 155 N.C. 379, 71 S.E. 520; Bell v. Comrs., 127 N.C. 85, 37 S.E. 136;Martin v. Comrs., 208 N.C. 354, 180 S.E. 777. The power to levy taxes is vested in the legislative branch of the government. "For this purpose, under the Constitution," said Winborne, J., in Henderson County v. Smyth,216 N.C. 421, "it is within the exclusive power of the Legislature to provide the method and prescribe the procedure."
While the levying of county taxes and the general supervision of county finances were by Art. VII, sec. 2, of the Constitution, placed within the province of the county commissioners, by a later section, Art. VII, sec. 14, the power of the General Assembly, by statute, to modify or abrogate the provisions of sec. 2 was expressly reserved.
It has been declared frequently by this and other courts that the power of the Legislature is limited only by the restrictions placed upon it by the people themselves in the Constitution and by the powers granted to the Federal Government in the Constitution of the United States. It is only when it is made to appear clearly that the Legislature has exceeded the limitations upon its powers that the courts will interpose to declare an act void or nullify the manifest purpose of legislative will. Kornegay v.Goldsboro, 180 N.C. 441, 105 S.E. 187.
The expressive language of Mr. Justice Holmes in Tyson v.Banton, 273 U.S. at page 446, aptly states the guiding principle of judicial construction as follows: "I think the proper course is to recognize that a state legislature can do whatever it sees fit to do unless it is restrained by some express prohibition in the Constitution of the United States or of the state, and that courts should be careful not to extend such prohibitions beyond their obvious meaning by reading into them conceptions of public policy that the particular court may happen to entertain."
There is no provision in ch. 341 authorizing the chairmen of the designated boards to elect a delinquent tax collector for Madison County. Consequently, the power of defendant board to provide for the collection of delinquent taxes and those taxes uncollected by the tax manager for the previous years is not affected by this act. The court below was in error in holding that the defendant was without authority to employ a person to collect delinquent taxes, and in restraining the defendant from making appropriation of public funds to the payment of compensation therefor. Sec. 1718 (d), ch. 310, Public Laws 1939. It appears also that the incumbent J. M. Baley, Sr., has been so employed, without objection, since August, 1937.
We are of opinion, and so hold, that the attempt to determine the title to the office of tax manager or tax collector of Madison County, or to require payment of the salary of that office to a particular person, or the premium on his surety bond, is beyond the scope of the judicial inquiry and not determinable in this action. The judgment must be modified *Page 217 
accordingly. Nor should judgment for costs of action be entered as part of the order continuing the temporary restraining order to the hearing.
The ruling of the court below in restraining the defendant from making payments of county funds to Buckner as tax collector, on the findings and evidence, must be upheld.
As herein modified, the judgment is affirmed.
Modified and affirmed.