STATE OF NORTH CAROLINA, on RELATION OF WILLIAM ELDRIDGE HILL, v. ROY WADE PONDER AND JOHN PIRAM RICE.

(Filed 4 March, 1942.)

**1. Counties § 7: Constitutional Law § 4d—**

Ch. 341, Public-Local Laws of 1931, prescribing the method of electing a tax collector for Madison County, is constitutional and valid.

**2. Constitutional Law § 4a—**

The wisdom and propriety of statutes rests in the discretion of the General Assembly.

**3. Counties § 7: Public Officers § 2—Majority of members of electing body constitutes a quorum, and majority of quorum has power to act.**

The chairmen of four county boards were authorized to elect a county tax collector, ch. 341, Public-Local Laws of 1931. At a meeting held for the purpose of electing the county tax collector one of the four electing chairmen was disqualified by previous acceptance of another public office. Two of the three remaining chairmen voted for the re-election of the incumbent. *Held:* The three qualified chairmen constituted a quorum and two of the three constituted a majority thereof, and therefore the incumbent was duly elected to succeed himself.

**4. Public Officers § 4c—**

A public officer who accepts, qualifies and discharges the duties of another public office is thereafter disqualified to act or discharge any of the duties of the first public office.

**5. Counties § 5—**

The fact that the commissioners of a county are erroneously advised that the body charged with the duty of electing a county tax collector had failed to act, does not empower the county commissioners to elect the county tax collector, and the person elected by the duly appointed electing body, at a meeting duly held on the date fixed by statute, is entitled to the office as against the person named by the commissioners.

APPEAL by defendant Rice from *Nettles, J.,* at November Term, 1941, of MADISON. No error.

This was an action in the nature of *quo warranto* to determine the title to the office of tax manager or tax collector of Madison County.

The method of election to the office in question was prescribed by chap. 341, Public-Local Laws 1931. In accord with the provisions of this statute, and other public-local laws relating to Madison County, enacted at the 1931 session of the General Assembly (chap. 183 and chap. 343), the Chairman of the Board of County Commissioners, the Chairman of the Board of Education, the Chairman of the Sinking Fund Commission, and the Chairman of the County Highway Commission were required to meet on the first Monday in August, 1931, and biennially thereafter, and elect the tax manager or tax collector for the county for a term of two years. Originally chairmen of two other local boards were made members of this electing body, but it was decided by this Court that the acts creating the two boards last referred to were void and of no effect. *Brigman v. Baley,* 213 N. C., 119, 195 S. E., 617, and *Sams v. Comrs.,* 217 N. C., 284, 7 S. E. (2d), 540.

Pursuant to the statute, on the first Monday in August, 1941, being the 4th day of August, L. G. Buckner, Chairman of the Board of County Commissioners; Clyde Brown, Chairman of the Board of Education; F. E. Freeman, Chairman of the Sinking Fund Commission, and (W. J.) Bryan Teague, claiming to be Chairman of the County High-

way Commission, met for the purpose of electing the county tax collector. The defendant Ponder was the then incumbent of the office, having been elected by these chairmen in 1939. The right of Freeman to vote as a member of the electing body, by virtue of his chairmanship of the Sinking Fund Commission, was challenged on the alleged ground that he had qualified as school committeeman. Likewise the right of Teague to vote as Chairman of the County Highway Commission was challenged on the ground that he had previously qualified as Chairman of the County Board of Elections.

The relator Hill and the defendant Ponder, each, claims to have been elected on 4 August, 1941, to the office of tax collector in accord with the provisions of the statute. On the first Monday in September, 1941, the Board of County Commissioners, taking the view that there had been no valid election under chapter 341, and that there was a vacancy in the office, proceeded to elect the defendant Rice as tax collector.

Issues were submitted to the jury and answered as follows:

"1. Did F. E. Freeman, (W. J.) Bryan Teague, Clyde Brown, L. G. Buckner hold a meeting on the 4th day of August, 1941, for the purpose of electing a tax manager of Madison County? Answer: 'Yes.'

"2. At the time of said meeting was L. G. Buckner Chairman of the Board of County Commissioners of Madison County? Answer: 'Yes.'

"3. At the time of said meeting was Clyde Brown Chairman of the Board of Education of Madison County? Answer: 'Yes.'

"4. At the time of said meeting had Fred E. Freeman qualified and accepted the office of school committeeman for the Marshall District of Madison County? Answer: 'No.'

"5. At the time of said meeting had (W. J.) Bryan Teague qualified and was he acting as Chairman of the Board of Elections of Madison County? Answer: 'Yes.'

"6. At the time of said meeting was Fred E. Freeman Chairman of the Sinking Fund Commission of Madison County? Answer: 'Yes.'

"7. Was Roy Wade Ponder the acting tax manager of Madison County on August 4, 1941, at the time of the aforesaid meeting, and was Roy Wade Ponder acting tax manager of Madison County on the first day of September and at the time of the alleged election by the Board of County Commissioners of John Rice? Answer: 'Yes.'

"8. Was the plaintiff, William Eldridge Hill, duly elected to the office of tax collector or manager for Madison County on August 4, 1941, at a meeting of the Chairmen of the Board of County Commissioners, Board of Education, the Road Commission, and Sinking Fund Commission of Madison County? Answer: 'No.'

"9. Was the defendant Roy Wade Ponder duly elected to the office of tax collector or manager for Madison County on August 4, 1941, at a meeting of the Chairman of the Board of County Commissioners, Chair-

man of Board of Education, Chairman of the Road Commission, Chairman of the Sinking Fund Commission of Madison County? Answer: 'Yes.'

"10. Was the defendant John Rice appointed tax collector of Madison County by the Board of County Commissioners, and did he give bond and take oath of office? Answer: 'Yes.' "

Judgment was rendered on the verdict that defendant Ponder was duly elected tax collector or tax manager for Madison County, and entitled to the tax lists and records of the tax collector's office, and to receive the emoluments thereof; that the attempted election of defendant Rice by the Board of County Commissioners was without authority and of no effect; and that neither the relator Hill nor the defendant Rice was entitled to the office of tax collector or any interest therein.

The defendant Rice appealed.

*Roberts & Baley for defendant Rice, appellant.*
*John H. McElroy and J. W. Haynes for defendant Ponder, appellee.*

DEVIN, J. Objections on constitutional grounds to the validity of chapter 341, Public-Local Laws 1931, and to the machinery therein prescribed for the election of a tax collector for Madison County, were considered by this Court in *Freeman v. Comrs.,* 217 N. C., 209, 7 S. E. (2d), 354, and decided adversely to the appellant. The statutes creating a County Highway Commission and a Sinking Fund Commission for the county, as well as the statutory method ordained for the selection of a tax collector by the chairmen of these boards, together with the Chairman of the County Board of Education, and the Chairman of the Board of County Commissioners, acting *ex officio,* were held to be within the legislative power. *McGuinn v. High Point,* 219 N. C., 56, 13 S. E., (2d), 48; *Freeman v. Comrs., supra; S. v. Jennette,* 190 N. C., 96, 129 S. E., 184; *Comrs. v. Bank,* 181 N. C., 347, 107 S. E., 245; *Jones v. Comrs. of Madison County,* 137 N. C., 579, 50 S. E., 291. The wisdom and propriety of the statutes were matters resting in the discretion of the General Assembly. *Lutterloh v. Fayetteville,* 149 N. C., 65, 62 S. E., 758.

In *Freeman v. Comrs.,* supra, it was held that in accord with the provisions of chapter 341, Public-Local Laws 1931, the chairmen of the four designated local boards were clothed with the exclusive power and authority to elect the tax collector for Madison County. Objection is now raised, however, on the ground that it has been established that one of the four electing chairmen was disqualified, and that therefore no valid election was or could be held. Hence, it is contended there was a vacancy in the office of tax collector which it was the duty of the Board of County Commissioners to fill.

This presents the question whether the absence or disqualification of one of the chairmen constituting the electing body deprives the remaining members of the power to act. A careful consideration of the legislative provisions, in view of the facts established by the verdict, leads us to the conclusion that it does not. The statute provides that the "tax manager shall be elected biennially by the chairmen of said boards." By a similar provision in the statute relating to the office of auditor it was provided the latter should be elected "by a majority of the votes of the chairmen."

It was found by the jury that Buckner, Brown and Freeman were duly qualified chairmen of their respective boards, and that Teague, who had theretofore been chairman of the County Highway Commission was disqualified by his previous acceptance of another public office. He was not entitled to act or vote as a member of the electing body. Three of the four chairmen undoubtedly constituted a quorum, and two of the three were a majority thereof.

It is a fundamental rule of parliamentary procedure, applicable as well to municipal and electing boards, that a majority of the members of a body consisting of a definite number constitutes a quorum for the transaction of business (Art. I sec. 5, Cons. U. S., Jefferson's Manual, sec. 402), and it is equally well settled that a majority of the quorum has power to act. *Stanford v. Ellington,* 117 N. C., 158, 23 S. E., 250. This rule derives from the common law and is of universal application unless modified by statute or some controlling regulation or by-law in the particular instance. *Stanford v. Ellington, supra; Comrs. v. Trust Co.* 143 N. C., 110, 55 S. E., 442; *Cotton Mills v. Comrs.,* 108 N. C., 678, 13 S. E., 271; 37 Am. Jur., 671-673; 46 C. J., 1378-1380; 43 C. J., 502; 13 Am. Jur., 522. "The voice of the majority decides; for the *lex majoris partis* is the law of all councils, elections, etc., where not otherwise expressly provided." Jefferson's Manual, sec. 501.

It was established by the verdict that the defendant Ponder was duly elected at the meeting of the chairmen on 4 August, 1941. This was in accord with the uncontradicted evidence that three of the members of the electing body were duly qualified, present, and voting, and that defendant Ponder received a majority of the votes cast.

It was found by the jury that defendant Ponder was the incumbent of the office on 4 August, 1941, by virtue of his previous election. Whether, under C. S., 3205, in the absence of a valid election, he would have been entitled to hold over until his successor was elected and qualified need not be decided, since it was determined by the verdict and judgment that Ponder was duly elected 4 August, 1941, for another term of two years.

The fact that it was mistakenly reported to the County Commissioners that there was no election of a tax collector on 4 August, 1941, would not justify the election of defendant Rice, in view of the fact that two of the three qualified members of the electing body had voted for defendant Ponder at the meeting duly held on the date fixed by the statute.

The exceptions noted by appellant to the judge's charge cannot be sustained. The material facts were not controverted. The verdict and judgment are supported by the evidence, and must be upheld.

In the trial we find