ROBERTS *v.* McDEVITT.

STATE OF NORTH CAROLINA, EX REL. WILLIAM McCRAE ROBERTS, v. OTTO McDEVITT.

(Filed 1 March, 1950.)

**1. Public Officers § 2: Counties § 8½: Evidence § 37—**

Where there is no statutory requirement that a county board keep minutes and records of its proceedings, and such board keeps no written minutes, parol evidence is admissible to show the action of the board.

**2. Public Officers § 5a—**

Where a person who has been recognized by officials and the public generally as the chairman of a county board and who has discharged the duties of his office in such capacity without question, his authority to exercise his statutory power to vote *ex officio* as an elector in the election of another county official cannot be collaterally attacked in an action contesting election of such other county official.

**3. Counties § 7: Public Officers § 2—**

The Chairman of the Board of Health of Madison County under the general law *is held* entitled to vote *ex officio* in the election of the tax collector for said county under the provisions of Chap. 341, Public-Local Laws of 1931.

**4. Public Officers § 2: Elections § 16—**

A tie in the vote of the duly qualified electors of a county official results in no election and the vacancy of such office.

**5. Counties § 5: Public Officers § 2—**

Where there is a vacancy in the office of tax manager for a county, the board of county commissioners has the power by analogy to G.S. 153-9 (12), G.S. 153-9 (10) to appoint some qualified person to perform the duties of the office for the remainder of the term.

APPEAL by respondent from *Nettles, J.,* November Term, 1949, of MADISON. Reversed.

This was an action in the nature of *quo warranto* instituted by relator Roberts to determine his right to the office of Tax Manager or Tax Collector of Madison County, also claimed by respondent McDevitt.

The method of election to this office in Madison County was prescribed by Chapter 341, Public-Local Laws 1931. By this Act the Chairman of the Board of Education, Chairman of Board of County Commissioners, Chairman of the Board of Health, Chairman of the Sinking Fund Commission, and their successors in office, together with "the Chairmen of any other Boards that may be created by this Legislature for Madison County," were required to meet on first Monday in August, 1931, and biennially thereafter, and elect a tax manager for a term of two years. The General Assembly also at the same session created a Jury and Tax

Commission for Madison County, and a Highway Commission. So that originally the electors empowered by the Act to elect a tax manager consisted of the six chairmen of the named Boards. However, the Act creating Jury and Tax Commission was held unconstitutional by this Court in *Brigman v. Baley*, 213 N.C. 119, 195 S.E. 617; and the Highway Commission was abolished by Chap. 1131, Session Laws 1949. The Act of 1931 (Chap. 322) creating a Board of Health for Madison County was held void as within the prohibition of Art. II, sec. 29, of the Constitution in *Sams v. Commissioners*, 217 N.C. 284, 7 S.E. 2d 540, but by the general statute, G.S. 130-18, provision was made for County Boards of Health and for the selection of chairmen thereof, and it was admitted that pursuant to the general law Dr. Arthur Ramsey was on 1 August, 1949, and still is, chairman of the County Board of Health for Madison County.

It was stipulated that on 1 August, 1949, purporting to act under the provisions of Chap. 341, Public-Local Laws 1931, J. Clyde Brown, Chairman of the Board of Education, and F. E. Freeman, as Chairman of the Sinking Fund Commission, met and elected relator William McCrae Roberts tax manager; and that on same day Roy Roberts, Chairman of the Board of County Commissioners, and Dr. Arthur M. Ramsey as Chairman of the Board of Health, met and elected respondent Otto McDevitt as tax manager for Madison County.

Subsequently, on the same day, the Board of County Commissioners of Madison County adopted a resolution recognizing the election of respondent McDevitt, and further declaring if it be determined that Brown, Freeman, Roberts, and Ramsey were all entitled to vote in the election of tax manager, that then there was no election, and the Board declared under those circumstances there was a hiatus in the machinery for election of tax manager and a vacancy in the office, and thereupon appointed respondent Otto McDevitt to fill said office until August, 1951.

Relator alleged that Brown, Roberts and Freeman were entitled to vote but denied the right of Dr. Ramsey to do so, and claimed election by two of the three eligible votes.

Respondent admitted Brown and Roberts were entitled to vote, alleged that Ramsey was also a legal elector, but denied the right of Freeman to participate on the ground that the Sinking Fund Commission had ceased to function and had no legally appointed chairman. Respondent likewise claimed election by two of the three eligible votes.

Both relator and respondent have subscribed oath and given bond as Tax Manager. Pending the outcome of this action by agreement of all parties another person is acting as tax collector for the County.

The court submitted to the jury the following issues:

"1. Was the Sinking Fund Commission of Madison County operating and functioning on the first day of August, 1949?

"2. Was F. E. Freeman acting and qualified chairman of said Sinking Fund Commission on the first day of August, 1949?"

The court charged the jury if they found the facts to be as testified by the witnesses and shown by all the evidence to answer both issues yes. The jury answered the issues yes, and upon the verdict and stipulations judgment was entered declaring relator the duly elected Tax Manager of Madison County and entitled to the records, equipment and emoluments of the office.

Respondent excepted and appealed.

*J. M. Baley, Jr., and Clyde M. Roberts for respondent, appellant.*
*A. E. Leake and J. W. Haynes for relator, appellee.*

DEVIN, J. Local laws enacted by the General Assembly regulating the affairs of Madison County have proved a prolific source of litigation. *Brigman v. Baley,* 213 N.C. 119, 195 S.E. 617; *Reed v. Commissioners,* 213 N.C. 145, 195 S.E. 620; *Waldroup v. Ferguson,* 213 N.C. 198, 195 S.E. 615; *Freeman v. Commissioners,* 217 N.C. 209, 7 S.E. 2d 354; *Sams v. Commissioners,* 217 N.C. 284, 7 S.E. 2d 540; *Hill v. Ponder,* 221 N.C. 58, 19 S.E. 2d 5; *Freeman v. Commissioners,* 221 N.C. 63, 19 S.E. 2d 9.

The case now before us presents the question of the validity of an attempted election to the office of tax manager for Madison County under the provisions of Chapter 341, Public-Local Laws 1931. Each of the parties to this action, relator and respondent, asserts title to the office as result of election in accord with the machinery prescribed by this Act. The Act itself was upheld as a valid exercise of legislative power in *Freeman v. Commissioners,* 217 N.C. 209, 7 S.E. 2d 354, where its pertinent provisions are stated.

The Act prescribed that the only method for the election of a person to perform the duties of this office in Madison County was by the votes of the chairmen of designated Boards acting *ex officio.* Originally six chairmen constituted the electing body, but as result of statutory change (Chap. 1131, Session Laws 1949) and the judgment of this Court (*Brigman v. Baley, supra*) the number has been reduced to four; and of the four the rights of two are challenged.

The relator alleges in his complaint that Dr. Ramsey, who as chairman of the County Board of Health voted for the respondent, was not legally qualified to participate in the election of a tax manager. Likewise, the

respondent challenges the right of F. E. Freeman, who voted for relator, to qualify as an elector.

Two questions then are presented:

1. Was F. E. Freeman as chairman of the Sinking Fund Commission entitled to vote in the election?

2. Was Dr. Ramsey as chairman of the County Board of Health entitled to vote?

The Act of the General Assembly (Chap. 183, Public-Local Laws 1931) creating a Sinking Fund Commission for Madison County was held valid in *Freeman v. Commissioners*, 217 N.C. 209, 7 S.E. 2d 354, and the relator offered evidence, which was not rebutted, that F. E. Freeman was chairman of that Commission, and for 14 years had acted as such, performing all the duties prescribed by the Act for such chairman; that as chairman of this Commission he had handled the funds incident to bond settlements, signed checks, approved official bonds, kept joint control and check of collaterals impounded to secure public deposits in both banks, had participated without question in previous elections of tax managers and collectors, and had been recognized by officials and the public generally as the chairman of the Sinking Fund Commission for the entire time. True, no minutes or records of the Sinking Fund Commission showing Freeman's selection as chairman were offered, but it was testified no written minutes were kept. Hence, in the absence of statutory requirement for minutes and records, parol evidence was admissible to show the action of the Commission. *Tuttle v. Building Corp.*, 228 N.C. 507 (513), 46 S.E. 2d 313; *Bank of U. S. v. Dandridge*, 12 Wheaton (U.S.), 64 (69), Wigmore, sec. 2451. While the other members of the Sinking Fund Commission had not met in formal session in some years, there were no specific duties prescribed for them, other than the selection of a chairman and the filling of vacancies in the membership of the Commission. It was only upon the chairman as executive head of the Commission that important and continuous duties devolved. From an examination of the evidence in the record, we conclude there was no error in the court's instructing the jury if they found the facts to be as shown by all the evidence to answer the issues submitted in the affirmative. *Smith v. Carolina Beach*, 206 N.C. 834, 175 S.E. 313; *Freeman v. Commissioners*, 217 N.C. 209 (215), 7 S.E. 2d 354.

The jury having answered the issues accordingly, and the trial being free from prejudicial error, F. E. Freeman must be held to have been duly qualified to vote in the election of a tax manager in August, 1949.

2. Was Dr. Ramsey entitled to vote, as chairman of the Board of Health of Madison County, in the election of a tax manager August 1, 1949?

'The Act of the General Assembly (Chap. 322, Public-Local Laws 1931) creating a local Board of Health for Madison County and naming its members was held invalid as coming within the prohibition of Art. II, sec. 29, of the Constitution, in *Sams v. Commissioners,* 217 N.C. 284, 7 S.E. 2d 540. However, it was stipulated by the parties hereto that under the general law (G.S. 130-18), a Board of Health in and for Madison County had been duly constituted, and that Dr. Ramsey was the duly ·qualified and acting chairman of the Board of Health of the County and was acting as such on August 1, 1949. It is urged by respondent that this stipulation constitutes an admission that he was qualified to vote under Chap. 341, Public-Local Laws of 1931, in the election of a tax manager. It will be noted that this Act specifically named the Chairman of the Board of Health and his successor in office as one of those empowered to vote in the election of a tax manager, and it was only in a later clause that the Act authorized voting by the chairmen of "any other Boards created by this Legislature." So it would seem that the chairmanship which Dr. Ramsey now holds does not come under this enlarging clause which limited the right to vote to Chairmen of Boards created by the Legislature of 1931, and that the Chairman of the Board of Health was named without qualification as an elector. True, Chapter 322 of the Acts of 1931 was held invalid as beyond the legislative power, but this left the general law still in force in Madison County. The Board which had been named in Chap. 341 was constituted in conformity with legal requirements as the Board of Health of Madison County. Furthermore, we observe that no issue was tendered by the relator as to the qualification of Dr. Ramsey, nor was evidence offered tending to impeach his qualification or right to vote in the election of a tax manager, nor was there a specific ruling by the court thereon, save inferentially in the judgment, the court stating that the stipulation referred to rendered it unnecessary to submit other issues than those relating to the Sinking Fund Commission and F. E. Freeman. The right of Dr. Ramsey does not seem to have been questioned on this record save by an allegation in the complaint.

3. It follows, if there were four qualified electors entitled to vote for a tax manager on August 1, 1949, and only four, and two of them voted for relator and two for respondent, there was no election. There being no one holding over and no one properly elected in the method prescribed by Chap. 341, Public-Local Laws 1931, there was a vacancy in the office of tax manager for Madison County. We think in case of a vacancy in this office by analogy to G.S. 153-9 (12) and G.S. 153-9 (10), and under their general power as to taxation and finance, the Board of County Commissioners would have the power to appoint some qualified person to perform the duties of this essential office for the remainder of the term

ending August 1, 1951. It appears that the Board of County Commissioners in view of an anticipated deadlock has already appointed the respondent.

After a careful consideration of the record in this case we reach the conclusion that the relator has failed to establish his right to the office of tax manager or tax collector for Madison County, and that the judgment below must be

Reversed.