WILLIAM E. DeLOATCH, JOHN T. FLYNN, I. HOLT, JR., L. H. SUTTON, CURTIS P. PENDERGRAPH AND J. L. ANDERSON, ON BEHALF OF THEMSELVES AND ALL OTHER PROPERTY OWNERS AND TAXPAYERS OF ALAMANCE COUNTY, v. W. L. BEAMON, CHAIRMAN, J. B. LONG, C. C. BAYLIFF, GARLAND M. NEWLIN AND BUEL MOSER, COUNTY COMMISSIONERS OF THE COUNTY OF ALAMANCE, STATE OF NORTH CAROLINA.

(Filed 10 June, 1960.)

**1. Injunctions § 13—**

Where the pleadings in an action for a permanent injunction raise no issue of fact but present only a question of law, the court may determine the question of law upon the hearing of the order to show cause, and dismiss the action.

**2. Taxation § 4—**

What is a necessary expense within the meaning of Art. VII, Sec. 7 of the State Constitution is for the determination of the Supreme Court.

**3. Same—**

An expenditure by a governmental agency for the maintenance of public peace, the administration of justice, the discharge of a governmental function, or in the exercise of a portion of the State's delegated sovereignty, is a necessary expense within the meaning of the Constitution.

**4. Constitutional Law § 6—**

The power to levy taxes is vested exclusively in the General Assembly, and it has the exclusive power to provide the method and prescribe the procedure for the discovery, listing and assessing of property for taxation.

**5. Counties § 1—**

Counties are agencies of the State government for the convenient administration of governmental functions in their respective territories, and in the exercise of such functions they are subject to unlimited legislative control within constitutional limitations.

**6. Same—**

Since Art. VII, Sec. 2, may be modified or changed by statute, Art. VII, Sec. 13, the General Assembly has full power, unless restricted by some other constitutional provision, to prescribe the power and duty of county commissioners in respect of the levying of taxes and the manner in which property shall be valued for tax purposes.

DeLOATCH v. BEAMON.

**7. Same:  Taxation § 4—**

The County Commissioners of Alamance County are directed to provide a county-wide revaluation of all real property in the County and are authorized to employ expert appraisers to assist county officials in the discharge of this duty, and therefore sums paid by the County to an appraising company as compensation for the performance of this duty pursuant to contract are for a necessary expense and need not be authorized by a vote. G.S. 153-64.1, G.S. 105-278, G.S. 105-295, G.S. 105-291, Constitution of North Carolina, Art. VII, Sec. 7.

**8. Taxation § 4—**

The courts determine whether a given project is a necessary expense of a county, but the board of commissioners of the county determines in its discretion whether such project is necessary or needed in the designated locality.

APPEAL by plaintiffs from *Carr, J.,* November Civil Term, 1959, of ALAMANCE.

Civil action by certain resident property owners and taxpayers of Alamance County for a permanent injunction to restrain the County Commissioners of Alamance County from paying $158,400.00 to Cole-Layer-Trumble Appraising Company of Dayton, Ohio, hereafter called Appraising Company, pursuant to the terms of an allegedly void agreement entered into by defendants with Appraising Company.

On October 29, 1959, when the action was commenced, Judge Crissman, upon plaintiffs' application, issued a temporary restraining order and an order directing defendants to appear before Judge Carr, at designated time and place, to show cause why a permanent injunction should not be granted. Prior to hearing by Judge Carr, defendants answered the complaint.

Plaintiffs, in substance, alleged: Defendants, notwithstanding protests from property owners and taxpayers of Alamance County, entered into an agreement to pay Appraising Company $158,400.00 for appraising farm land and homesteads and rural tenements in Alamance County. This expenditure is not for a necessary expense within the meaning of Article VII, Section 7, Constitution of North Carolina. It is not necessary to employ experts "to appraise farm land and ordinary homes, houses and lots in Alamance County." Burlington Mills and Western Electric, large taxpayers in Alamance County, have already had their machinery appraised by experts and further appraisal is unnecessary. Western Electric pays no real estate tax, its plant being on property exempt from taxation because owned by the United States Government. Unless defendants are restrained, plaintiffs will be irreparably damaged in that additional taxes will be levied upon them contrary to law.

The answer of defendants, in substance, contains these allegations: Property owners and taxpayers in large numbers have stated they agree with the action of defendants in employing expert appraisers to assist the county officials in the appraisal of all property in Alamance County incident to a complete county-wide revaluation. While certain of the real estate occupied by Western Electric Company is exempt from *ad valorem* taxes, such real estate must be appraised for the reason the federal government, pursuant to Congressional action, makes a contribution (in lieu of taxes) based on the taxable value of such property. As to machinery, a recurring annual reappraisal is necessary. Their agreement provides for the payment of not more than $65,400.00 to Appraising Company prior to July 1, 1960, for specified work; and the additional sum of $93,000.00 is to be paid to Appraising Company for additional specified work after July 1, 1960, in the event defendants exercise their option to have Appraising Company perform such work.

Subject to the aforesaid explanations, defendants do not deny the factual allegations of the complaint. However, they deny all allegations in which plaintiffs assert as a matter of law the invalidity of defendants' agreement with Appraising Company and cite the statutes referred to in the opinion as authority for their actions.

Upon hearing, Judge Carr entered judgment denying plaintiffs' application for a permanent injunction, dissolving the restraining order, dismissing the action and taxing plaintiffs with the costs. Plaintiffs excepted and appealed.

*H. F. Seawell, Jr., for plaintiffs, appellants.*
*Young, Young & Gordon for defendants, appellees.*

Bobbitt, J.   Judge Carr, in entering final judgment, treated defendants' prayer that the action be dismissed as a motion for judgment on the pleadings. The rules applicable upon consideration of such motion are fully stated in *Erickson v. Starling*, 235 N.C. 643, 71 S.E. 2d 384. Suffice to say, we are in agreement with Judge Carr's ruling that the pleadings do not raise an issue of fact as to any material matter. The question arising thereon is a question of law, namely, whether the proposed expenditures are "necessary expenses" within the terms of Article VII, Section 7, of the Constitution of North Carolina, which provides:

"No county, city, town, or other municipal corporation shall contract any debt, pledge its faith or loan its credit, nor shall any tax be levied or collected by any officers of the same except for the necessary expenses thereof, unless approved by a majority of

those who shall vote thereon in any election held for such purpose."

It is noted: The complaint contains no allegation that the challenged expenditures were not authorized by a majority of the voters of Alamance County in an election held for such purpose. However, since defendants do not contend such election was held, we consider the complaint *as if* it contained such allegation.

It is well settled, as plaintiffs contend, that it is the function and duty of this Court, not the General Assembly, to determine what are "necessary expenses" within the terms of Article VII, Section 7. *Wilson v. High Point*, 238 N.C. 14, 20, 76 S.E. 2d 546, and cases cited.

Where the purpose of the proposed expenditure "is the maintenance of public peace or administration of justice, or partakes of a governmental nature, or purports to be an exercise by the municipality of a portion of the State's delegated sovereignty, the expense is a necessary expense within the Constitution, and may be incurred without a vote of the people." *Ervin, J.,* in *Green v. Kitchin*, 229 N.C. 450, 457, 50 S.E. 2d 545, quoted with approval in *Wilson v. High Point, supra*.

"A tax is an enforced contribution of money assessed by authority of a sovereign State. It is a source of revenue, necessary to the maintenance of government, and collectible in the way and within the period provided by law." *Orange County v. Wilson*, 202 N.C. 424, 428, 163 S.E. 113; *Lumber Co. v. Graham County*, 214 N.C. 167, 170, 198 S.E. 843.

Under Article V of the Constitution of North Carolina, the power to levy taxes vests exclusively in the legislative branch of the government; and it is within the exclusive power of the General Assembly to provide the method and prescribe the procedure for discovery, listing and assessing property for taxation. *Henderson County v. Smyth*, 216 N.C. 421, 5 S.E. 2d 136, and cases cited; *Freeman v. Comrs. of Madison*, 217 N.C. 209, 216, 7 S.E. 2d 354.

Counties are creatures and constituent parts of the State government. *Dare County v. Currituck County*, 95 N.C. 189; *Trustees v. Webb*, 155 N.C. 379, 71 S.E. 520; *R. R. v. Mecklenburg County*, 231 N.C. 148, 150, 56 S.E. 2d 438. "In the exercise of ordinary governmental functions, they are simply agencies of the State, constituted for the convenience of local administration in certain portions of the State's territory, and in the exercise of such functions they are subject to almost unlimited legislative control, except where this power is restricted by constitutional provision." *Jones v. Commissioners*, 137 N.C. 579, 50 S.E. 291; *Trustees v. Webb, supra; Freeman v. Comrs. of Madison, supra*.

Article VII, Section 2, of the Constitution of North Carolina, in

part, provides: "It shall be the duty of the commissioners to exercise a general supervision and control of the . . . levying of taxes, and finances of the county, *as may be prescribed by law*." (Our italics) However, by Article VII, Section 13, Constitution of North Carolina, the General Assembly has full power "by statute to modify, change, or abrogate any and all of the provisions" of Article VII, Section 2. *Freeman v. Comrs. of Madison, supra.* Thus, unless restricted by another constitutional provision, the General Assembly has full power to prescribe the power and duty of county commissioners in respect of the levying of taxes and the manner in which property in the county shall be valued for tax purposes.

G.S. 105-278, as rewritten by C. 704, s. 1, Session Laws of 1959, provides that *all* real property in Alamance County (1) "shall be listed and assessed for *ad valorem* tax purposes" as of January 1, 1961, and as of January 1st on every eighth year thereafter, (2) "shall be appraised . . . by actual appraisal as provided in G.S. 105-295," and (3) "assessed in accordance with the provisions of G.S. 105-294." (Note: G.S. 105-294 was amended by C. 682, Session Laws of 1959, and G.S. 105-295 was amended by C. 704, s. 4, Session Laws of 1959.)

G.S. 105-295, as amended, in part, provides: "In appraising real property for tax purposes as required by G.S. 105-278, G.S. 105-279, and G.S. 105-294, it shall be the duty of the county tax supervisor to see that every lot, parcel, tract, building, structure, and other improvement being appraised actually be visited and observed by a competent appraiser, either one appointed under the provisions of G.S. 105-287 or one employed under the provisions of G.S. 105-291." In addition, G.S. 105-295 prescribes in detail the factors to be considered in the appraisal of each lot, parcel or tract.

G.S. 105-287, as amended by C. 704, s. 3, Session Laws of 1959, provides that the county tax supervisor, subject to the approval of the county commissioners, shall appoint list takers and assessors, with special provisions applicable in "revaluation years."

G.S. 105-291 provides: "The board of county commissioners in each county, at the request of the county supervisor of taxation, may in their discretion employ one or more persons having expert knowledge of the value of specific kinds or classes of property within the county, such as mines, factories, mills and other similar property, to aid and assist the county supervisor of taxation and the list takers and assessors in the respective townships, or to advise with, aid and assist the board of equalization and review in arriving at the true value in money of the property in the county. Such expert, or experts, so employed by the board of county commissioners shall receive for their

services such compensation as the board of county commissioners shall designate."

The cited statutes impose upon the county commissioners of Alamance County the positive duty to provide a county-wide revaluation of all real property as of January 1, 1961, and authorized them, in their discretion, to employ expert appraisers to assist the county officials "in arriving at the true value in money of the property in the county." In performing such duties, the county commissioners exercise "a portion of the State's delegated sovereignty" and expenditures for such purpose are "necessary expenses" within the terms of Article VII, Section 7. Indeed, the purpose of said expenditure is to provide, in accordance with legislative authority, an equitable basis for the levy and collection of the *ad valorem* taxes required to maintain the county government and to pay the "necessary expenses" thereof.

It is noted that C. 704, s. 6, Session Laws of 1959, codified as G.S. 153-64.1 in the 1959 Supplement, declares the levy of taxes therein authorized "to be for a necessary expense and for a special purpose." Plaintiffs contend, and rightly so, that the General Assembly is without power to determine what are "necessary expenses" within the terms of Article VII, Section 7. However, this Court, apart from the legislative declaration, now holds that the proposed expenditures are for "necessary expenses" within the terms of Article VII, Section 7. The fact that the legislative declaration is in accord with this Court's decision affords no ground for complaint.

It is noted: "The courts determine whether a given project is a necessary expense of a county, but the board of commissioners for the county determine in their discretion whether such project is necessary or needed in the designated locality." *Insurance Company v. Guilford County,* 225 N.C. 293, 301, 34 S.E. 2d 430, and cases cited; also, *Brodnax v. Groom,* 64 N.C. 244; *Vaughn v. Commissioners,* 117 N.C. 429, 23 S.E. 354; *Fawcett v. Mount Airy,* 134 N.C. 125, 45 S.E. 1029; *Starmount Co. v. Hamilton Lakes,* 205 N.C. 514, 520, 171 S.E. 909; *Green v. Kitchin, supra.*

Having reached the conclusion that the sole ground on which the plaintiffs attack the proposed expenditure is untenable, the judgment of Judge Carr is affirmed.

Affirmed.